No. 89,640

STATE OF KANSAS, *Appellee,* v. TYRONE M. MEBANE, *Appellant.*
(91 P.3d 1175)

Opinion filed June 25, 2004.

*Stephen B. Chapman,* of Chapman & White, LLC, of Olathe, argued the cause and was on the brief for appellant.

*Jerome A. Gorman,* assistant district attorney, argued the cause, and *Nick A. Tomasic,* district attorney, and *Phill Kline,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Tyrone Mebane appeals the denial of a motion to correct illegal sentence in which Mebane argued the sentencing judge erred when the judge did not address Mebane personally as required by K.S.A. 22-3424(e) to inquire if Mebane wished to present any evidence in mitigation of punishment. Mebane also appeals the district court's denial of a motion for a nunc pro tunc order clarifying Mebane's controlling minimum sentence. Finally, Mebane argues that the district court erred in summarily denying the motions without appointing counsel and holding an evidentiary hearing in Mebane's presence. We reject Mebane's arguments and affirm.

In 1985, a jury convicted Mebane of two counts of aggravated kidnapping, two counts of aggravated sodomy, and one count each of rape and aggravated burglary. Mebane was originally sentenced to life on each aggravated kidnapping conviction, 45 years to life on each aggravated sodomy conviction, 45 years to life on the rape conviction, and 15 to 45 years on the aggravated burglary conviction. Each of the sentences was enhanced pursuant to the Habitual Criminal Act, K.S.A. 21-4504. All sentences were ordered to run consecutive to each other.

On direct appeal, this court affirmed Mebane's convictions but reversed for resentencing because the district court had failed to order that Mebane's sentences run consecutive to a sentence from which Mebane was on parole at the time of the offenses. *State v. Mebane*, No. 59,601, unpublished opinion filed March 27, 1987.

Mebane was resentenced on May 12, 1987. The district court reimposed the same sentences it had originally imposed on Mebane, except that it ordered all of the sentences to run concurrent with one another but consecutive to sentences imposed in two 1982 cases.

In September 2001, Mebane filed the motions from which this appeal arises: a motion for correction of illegal sentence pursuant to K.S.A. 22-3504, a motion for nunc pro tunc order clarifying his sentence, and an ex parte application for appointment of counsel to assist Mebane in presenting both motions.

The district court summarily denied Mebane's motion for correction of an illegal sentence and also denied his request for the

appointment of counsel to represent him at an evidentiary hearing. Mebane timely appealed, and the district court appointed appellate counsel to represent Mebane.

This court temporarily remanded the case to the district court for the purpose of disposing of Mebane's motion for nunc pro tunc order clarifying his sentence. The district court entered an order denying the motion in January 2003. This court's jurisdiction is pursuant to K.S.A. 22-3601(b)(1) (defendant convicted of class A felony).

*Did the District Court Err In Denying the Motion to Correct an Illegal Sentence Which Alleged That the District Court Failed to Provide Mebane Proper Allocution, as Required by K.S.A. 22-3424?*

In his motion to correct an illegal sentence, Mebane argued that the district court, at both his original sentencing and at his resentencing, had denied Mebane's statutory right of allocution by failing to ask him whether he had evidence to present in mitigation of punishment. Mebane argued that he would have introduced evidence that at the time of the offenses, trial, and sentencing, he was "laboring under the effect of a severe mental and/or physical defect/illness." In this appeal, Mebane limits his argument to the resentencing.

At the resentencing, the district court asked, "So before I pronounce the resentence, is there anything that either the defendant or defense counsel or the prosecutor wish to state at this time to the court?" Defense counsel requested that the court consider imposing concurrent sentences rather than consecutive sentences. The court then asked, "Mr. Mebane, do you have anything that you wish to say at this time to the court and put on the record?" Mebane responded:

"Well, [your] Honor, I understand the reason I'm here today. And I'm [unreadable steno outline] right at two years now. I have learned a lot since I have been gone. I just ask that — I put myself at the — I just place myself at the mercy of the court and ask that they will, before I be sentenced, go together in this matter."

After hearing from the prosecutor, the court again asked, "Anything else before I pronounce the resentence?" Defense counsel responded, "Nothing from the defendant, your Honor." The court then resentenced Mebane to concurrent terms.

Mebane argues that he was deprived of his right to allocution because the district court failed to allow him to present evidence in mitigation of punishment. K.S.A. 22-3424(e)(4) requires the district court, before imposing sentence, to "address the defendant personally and ask the defendant if the defendant wishes to make a statement on the defendant's own behalf *and to present any evidence in mitigation of punishment*." (Emphasis added.) This court has held that K.S.A. 22-3424(e) establishes a right of allocution which cannot be waived by the defendant's silence or by the argument of counsel. *State v. Hunt*, 257 Kan. 388, 405, 894 P.2d 178 (1995).

Mebane is correct, as the State concedes, that he was denied full allocution at his resentencing because the district court never asked him whether he wished to present any evidence in mitigation of punishment. The State argues, however, that the denial of allocution was not reversible error.

To begin our analysis of Mebane's motion we must consider whether a denial of allocution is the type of error subject to correction by a motion to correct an illegal sentence pursuant to K.S.A. 22-3504. An illegal sentence has been defined as "a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]" *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 (1997).

Mebane's sentence was clearly imposed by a court with jurisdiction, and his sentence is unambiguous. His sentence conforms to the statutory provisions regarding class A, B, and C felonies and the Habitual Criminal Act. The district court's failure to comply with the statute requiring allocution does not mean that Mebane's sentence "does not conform to the statutory provision, either in

the character or the term of the punishment authorized." Thus, Mebane's sentence is not an illegal sentence.

This conclusion is supported by the fact that the denial of allocution is an error which may be waived by a defendant under certain circumstances. See *State v. Bowen,* 259 Kan. 798, Syl. ¶ 3, 915 P.2d 120 (1996) (defendant waives right to allocution by failing to raise issue in motion to modify sentence). Clearly, an error which may be waived by a defendant if not raised in a timely manner cannot be the equivalent of an illegal sentence which, by statute, may be corrected at any time.

Moreover, a motion to correct an illegal sentence filed more than 10 days after sentencing has been treated as a motion filed pursuant to K.S.A. 60-1507. See *State v. Duke,* 263 Kan. at 195-96. Proceedings under K.S.A. 60-1507 "cannot ordinarily be used as a substitute for direct appeal involving mere trial errors." Supreme Court Rule 183 (2003 Kan. Ct. R. Annot. 213).

Mebane filed no direct appeal and instead waited more than 14 years before filing his motion to correct an illegal sentence. The district court correctly denied Mebane's motion on the ground that the allocution issue should have been raised in a direct appeal from his resentencing. For this same reason, any arguments Mebane asserts regarding his original sentence also fail.

*Did the District Court Err in Refusing to Grant a Nunc Pro Tunc Order Clarifying that Mebane's Controlling Minimum Sentence is Life (with Parole Eligibility after 15 Years) Rather than 45 Years-to-Life?*

In his motion for a nunc pro tunc order to clarify his sentence, Mebane requested that the court issue a nunc pro tunc order accurately setting out the date his sentence began, stating the amount of court costs owed, and stating the exact number of times Mebane had been incarcerated. On appeal, Mebane argues that the district court erred in refusing to grant a nunc pro tunc order clarifying his sentence. Specifically, Mebane contends that his controlling minimum sentence is life (with parole eligibility after 15 years) rather than 45 years-to-life (with parole eligibility after 22½ years).

In the motion for nunc pro tunc journal entry filed with the district court, Mebane raised different arguments, only one of which was similar to the one he now raises on appeal. In his motion, Mebane requested a nunc pro tunc journal entry accurately setting out the date his sentence began, stating the amount of court costs owed, and stating the exact number of times Mebane had been incarcerated. With regard to his first request, Mebane complained that the parole board had used an incorrect sentence begins date to calculate his parole eligibility; thus, he was not allowed to see the Parole Board until 3 months after he was actually parole eligible.

On this issue, the district court ruled:

"The defendant on issue number one claims that he was prejudiced in being denied a hearing before the Kansas Parole Board. He argues that due to an incorrect computation of his sentence-begin-date [*sic*] he was eligible for parole consideration as of June 21, 2000, but mistakenly not given an opportunity to appear before the board until September 21, 2000. This court has reviewed the Journal Entry and record herein and determines that the relief prayed for by the defendant relative to this issue is moot in that while even if delayed, the defendant has now, prior to filing this motion, been afforded an appearance before the Kansas Parole Board."

Mebane then filed a motion for reconsideration, pointing out that, while his motion for nunc pro tunc order was pending with the district court, the Parole Board had changed his controlling sentence to 22½ years and refused to grant another parole hearing until 2007.

The State persuasively argues that any complaint regarding the Parole Board's computation of parole eligibility is not properly brought via a motion for nunc pro tunc order, the purpose of which is to correct actual clerical errors or errors arising from oversight or omission. See *State v. Vanwey*, 262 Kan. 524, Syl. ¶ 2, 941 P.2d 365 (1997). Rather, Mebane should bring an action pursuant to K.S.A. 2003 Supp. 60-1501 in the county where he is incarcerated. See *Lamb v. Kansas Parole Board*, 15 Kan. App. 2d 606, 608, 812 P.2d 761 (1991) (habeas corpus action under 60-1501 is proper means to challenge any decision of the Kansas Parole Board).

Mebane's argument is also unpersuasive on its merits. His argument involves the interpretation of two different statutes, K.S.A. 2003 Supp. 22-3717 and K.S.A. 21-4608. K.S.A. 2003 Supp. 22-3717 provides in relevant part:

"(a) Except as otherwise provided by this section, K.S.A. 1993 Supp. 21-4628 prior to its repeal and K.S.A. 21-4635 through 21-4638 and amendments thereto, and K.S.A. 8-1567, and amendments thereto, an inmate, including an inmate sentenced pursuant to K.S.A. 21-4618 and amendments thereto, shall be eligible for parole after serving the entire minimum sentence imposed by the court, less good time credits.

.  .  .  .

"(b)(3) Except as provided by K.S.A. 1993 Supp. 21-4628 prior to its repeal, an inmate sentenced for a class A felony committed before July 1, 1993, including an inmate sentenced pursuant to K.S.A. 21-4618 and amendments thereto, shall be eligible for parole after serving 15 years of confinement, without deduction of any good time credits."

K.S.A. 21-4608 provides in relevant part:

"(f) The provisions of this subsection relating to parole eligibility shall be applicable to persons convicted of crimes committed prior to January 1, 1979, but shall be applicable to persons convicted of crimes committed on or after that date only to the extent that the terms of this subsection are not in conflict with the provisions of K.S.A. 22-3717 and amendments thereto. In calculating the time to be served on concurrent and consecutive sentences, the following rules shall apply:

(1) When indeterminate terms run concurrently, the shorter minimum terms merge in and are satisfied by serving the longest minimum term and the shorter maximum terms merge in and are satisfied by conditional release or discharge on the longest maximum term if the terms are imposed on the same date."

Essentially, Mebane's argument is that, pursuant to K.S.A. 21-4608(f), his 45-year minimum terms merge into and are satisfied by serving his longest minimum term, which is life. With a controlling sentence of life, Mebane then contends that he is eligible for parole after 15 years pursuant to K.S.A. 2003 Supp. 22-3717(b)(3).

However, Mebane's life sentences for aggravated kidnapping are not truly indeterminate sentences and they have no minimum or maximum term. See *State v. Van Winkle*, 256 Kan. 890, 899, 889 P.2d 749 (1995) (term for a class A felony is imprisonment for life, which is not an indeterminate sentence). Therefore, Mebane's longest minimum terms are his 45-year minimum terms.

As pointed out by the State, the result of Mebane's argument would be to ignore his 45-year minimum terms for rape and aggravated sodomy. This is an unreasonable and illogical result. Under 22-3717(a), an inmate must serve his "entire minimum sentence" less good time credits before becoming eligible for parole.

Furthermore, K.A.R. 44-6-101(b)(4) defines "controlling sentence" as "the sentence made up of the controlling minimum term and controlling maximum term of any sentence or composite sentence . . . made up of two or more sentences, whether concurrent or consecutive, that results in the longest prison term."

Mebane must serve a minimum sentence of 45 years.

*Did the District Court Abuse its Discretion by Summarily Denying Mebane's Motions without Granting an Evidentiary Hearing, Requiring Mebane's Presence, and Appointing Counsel?*

In summarily denying Mebane's motion to correct an illegal sentence, the district court found:

"1. That the merits of this motion may be decided based upon the record as it now exists and is before the court;

"2. That no evidentiary hearing would be of benefit to the court;

"3. That the presence of the defendant in Wyandotte County, Kansas is not necessary for a determination of the merits of said motion;

"4. That the defendant's motion for appointment of attorney to represent him in this matter is not necessary and is therefore denied;

"5. That the defendant's claim that he was illegally sentenced due to the court's failure to allow him his right to allocution is without merit."

K.S.A. 22-3504 provides that a defendant "shall have a right to a hearing, . . . to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence." This court has interpreted K.S.A. 22-3504 not to require a full hearing upon the filing of every motion to correct an illegal sentence. Rather, when a defendant files such a motion, the district court has a duty to make a preliminary examination of the motion to determine if substantial issues of law or fact are raised. If there are none, the court may summarily dismiss the motion. Only if the court finds that the motion raises substantial issues of law or fact must the court then hold a hearing in the presence of the defendant with defense counsel. *State v. Duke,* 263 Kan. at 196.

In *State v. Johnson*, 269 Kan. 594, 601, 7 P.3d 294 (2000), this court held that the State's alleged violation of a plea agreement did not fall within the definition of "illegal sentence" as contemplated by K.S.A. 22-3504(1); therefore, the defendant's motion to correct an illegal sentence did not raise a substantial issue and was properly dismissed by the district court. Similarly, in this case the district court correctly determined that Mebane's motion to correct an illegal sentence did not raise a substantial issue.

Furthermore, K.S.A. 22-3504(2) does not require a hearing and appointment of counsel for motions for nunc pro tunc orders.

Accordingly, under the facts of this case, the district court did not err in deciding Mebane's motions without holding an evidentiary hearing in Mebane's presence or appointing counsel.

Affirm.