NOT DESIGNATED FOR PUBLICATION

No. 112,148

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISAAC LITTLE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed October 23, 2015. Appeal dismissed.

*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., MCANANY and ATCHESON, JJ.


*Per Curiam*: Our job is to correct legal errors that affect the substantive rights of the parties to civil and criminal litigation. We don't resolve haggles over labels and terminology simply for the sake of making things tidy. Defendant Isaac Little seeks only tidiness in his appeal from an order of the Sedgwick County District Court correcting an illegal sentence. He voices no complaint about a diminution of his substantive rights. So we dismiss the appeal for lack of a justiciable issue.

1

A jury convicted Little of multiple felonies arising from a horrific home invasion in which he and several codefendants terrorized a Wichita family. See *State v. Little*, No. 104,794, 2012 WL 3000342 (Kan. App. 2012), *rev. denied* 297 Kan. 1252 (2013). In sentencing Little, the district court imposed a controlling prison term of 330 months to be followed by postrelease supervision for 36 months. Sometime later, the district attorney requested a hearing to correct an illegal sentence because some of the crimes of conviction required lifetime postrelease supervision. See K.S.A. 22-3504(1). The concern apparently was triggered by a letter from the Kansas Department of Corrections questioning the postrelease supervision period. The letter is not in the appellate record. At the hearing, the prosecutor effectively made an oral motion to correct an illegal sentence. Little and his lawyer were present.

At the hearing, Little argued the original sentence was proper on the grounds he should not face lifetime postrelease supervision because he was an aider and abettor rather than a principal. The district court rejected that argument—an argument Little does not repeat on appeal. The district court then corrected the sentences on several of the convictions to impose lifetime postrelease supervision on Little. On appeal, Little does not take issue with the legal propriety of the corrected sentences. He suggests the district court could have shortened the terms of imprisonment because he faces postrelease supervision for life. See *State v. Morningstar*, 299 Kan. 1236, 1245, 329 P.3d 1093 (2014). But Little didn't ask, and the district court didn't do so. The sentences conform to the guidelines and are, therefore, not subject to appellate review. See K.S.A. 2014 Supp. 21-6820(c)(1) (recodifying K.S.A. 21-4721).

Following the hearing, the district attorney's office prepared an order nunc pro tunc ostensibly reflecting the result of the hearing. The order states it corrects the original journal entry by changing the sentences for five specifically identified counts from postrelease supervision for 36 months to lifetime postrelease supervision. Although

Little's lawyer failed to sign the order indicating his approval, neither did he lodge any formal objection to it with the district court.

On appeal, Little complains that the district court's ruling at the hearing should not have been memorialized as a nunc pro tunc order. While Little has a point if we consider labels and terminology, he presents nothing that affects his substantive legal rights. Whatever the title of the order, Little must be placed on lifetime postrelease supervision given his crimes of conviction—that portion of the sentence is mandatory. So Little's rights have not been compromised.

But the order does mask the genesis of the sentencing error. By common understanding, a nunc pro tunc order may be used to correct a scrivener's error in a journal entry or an order memorializing a district court ruling. See *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012) ("journal entry of sentencing can be corrected by a nunc pro tunc order so that it reflects the actual sentence pronounced from the bench"); *State v. Mebane*, 278 Kan. 131, 136, 91 P.3d 1175 (2004) (purpose of nunc pro tunc order to correct clerical errors); *Book v. Everitt Lumber Co., Inc.*, 218 Kan. 121, 125, 542 P.2d 669 (1975). In other words, such an order changes a journal entry because the journal entry does not accurately state the district court's ruling. The *Book* court explained in detail the proper use of a nunc pro tunc order:

> "*A nunc pro tunc* order may not be made to correct a judicial error involving the merits, or to enlarge the judgment as originally rendered, or to supply a judicial omission, or an affirmative action which should have been, but was not, taken by the court, or to show what the court should have decided, or intended to decide, as distinguished from what it actually did decide. The power of the court is limited to making the journal entry speak the truth by correcting clerical errors arising from oversight or omission and it does not extend beyond such function." 218 Kan. at 125.

Here, however, the district court originally pronounced and imposed an impermissible sentence on Little that was accurately memorialized in the journal entry of judgment. So the journal entry was not an erroneous record of what the district court did and should not have been "corrected" with a nunc pro tunc order. The original mistake lay with the district court and not with the scrivener preparing the journal entry. The nunc pro tunc order is a genuine legal fiction, to conscript an oxymoron, suggesting otherwise. Court records generally ought to be free of such things.

But we see no prejudice to Little, and he describes none. He has received a lawful sentence, and that is plain from the record as it now stands. Because Little has presented nothing to us affecting his substantive rights, we have no actual legal dispute before us. The appeal, therefore, should be dismissed. See *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 750-51, 189 P.3d 494 (2008) (where party has no legal interest requiring remedy, action should be dismissed for lack of justiciable controversy); *Lynn v. Martin*, No. 88,412, 2003 WL 22990140, at *2 (Kan. App. 2003) (unpublished opinion) ("purported appeal fram[ing] no justiciable issue" properly dismissed).

Appeal dismissed.