NOT DESIGNATED FOR PUBLICATION

Nos. 115,348
115,349
115,350
115,351

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PIERRE P. RIOJAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed June 16, 2017.
Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and
*Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and HEBERT, S.J.

*Per Curiam*: This case consolidates four sentencing appeals from the Finney
County District Court. A companion appeal, No. 115,981, raised a similar issue.
Basically, Pierre P. Riojas sought the correction of his sentence because in his view, the
court should not have included two pre-1993 juvenile adjudications for burglary in his
criminal history score. Without ordering Riojas' return to court, the judge denied his
motion after concluding that even if the two adjudications were dropped from his

1

criminal history, Riojas' criminal history score would remain the same. Therefore, the court denied him any relief because his sentence was not illegal. To us, Riojas claims error not only in the ruling, but for failing to order his return to court so he could be personally present. Our review of the record reveals no error and we affirm.

In 2015, Riojas filed a pro se motion to correct an illegal sentence arguing his pre-1993 burglary adjudications should have been scored as nonperson felonies based on the holding in *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014) (*Dickey I*), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey II)*. The court appointed counsel, and counsel filed a revised motion to correct an illegal sentence and two addendums to the motion.

The district court held a preliminary hearing on Riojas' motion. The district court did not order Riojas' return from prison so he could be present at this hearing, and Riojas' counsel objected to his absence. In response to the objection, the district court stated, "there's a screening process that goes on with regard to these motions, and until we get to the point where I believe there is a substantial issue of fact or law, I don't think Mr. Riojas is entitled to attend." After hearing arguments, the district court took the matter under advisement.

Sometime later, the district court denied Riojas' motion because he had failed to present a substantial issue of fact or law. The court determined Riojas' criminal history score would have been A even without the pre-1993 burglary adjudications.

Courts may correct an illegal sentence at any time. K.S.A. 22-3504(1). An illegal sentence may be corrected even after the time for direct appeal has passed and the sentence is final. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) (*Dickey III*).

An illegal sentence is

"'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *Dickey II*, 301 Kan. at 1034.

When a district court is presented with a motion to correct an illegal sentence, the court should utilize the same procedure as a K.S.A. 60-1507 motion. *Love v. State*, 280 Kan. 553, 557, 124 P.3d 32 (2005). First, the court must preliminarily review the motion and if that review shows there is no substantial issue of fact or law under which the defendant is entitled to relief, the court may summarily deny the motion. *State v. Mebane*, 278 Kan. 131, 138, 91 P.3d 1175 (2004). If there is a substantial issue of fact or law the district court must hold an evidentiary hearing at which the defendant is entitled to be present. 278 Kan. at 138; see K.S.A. 22-3504(1). A panel of this court has upheld the district court utilizing the preliminary hearing procedure in the context of a motion to correct an illegal sentence. *State v. Verge*, No. 92,562, 2005 WL 2076503, at *2 (Kan. App. 2005) (unpublished opinion), *rev. denied* 280 Kan. 991 (2005).

Here, the district court held a preliminary hearing and determined there was no substantial issue of fact or law. Because this court has the same access to the motion, files, and record as the district court, our review of this issue is de novo. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

First we address Riojas' actual convictions. For each case that was subject to the global plea agreement, the person felony convictions in 98CR514 and 98CR646 would be a part of his criminal history calculation. The statutory definition of a prior conviction is:

"any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the

3

current case pursuant to K.S.A. 22-3203, and amendments thereto, which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." K.S.A. 2016 Supp. 21-6810(a).

Each case in this appeal was brought under a separate information or complaint and was not joined for trial under K.S.A. 22-3203. Thus, the convictions in 98CR514 and 98CR646 are prior convictions for the purpose of assessing criminal history scores in each case—except the convictions cannot be used as criminal history in their respective cases. See K.S.A. 2016 Supp. 21-6810. Based upon this, in 98CR515 and 99CR101, Riojas had two prior convictions for person felonies without including the pre-1993 juvenile burglary adjudications. In 98CR514 and 98CR646, Riojas had one prior person felony conviction.

Now we turn to the aggregation of Riojas' misdemeanors. The sentencing statute in effect at the time of Riojas' sentence provided that "[e]very three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes." K.S.A. 1998 Supp. 21-4711(a). In other words, every three A and B person misdemeanor convictions (or adjudications) equal one person felony conviction.

In determining whether the misdemeanors were capable of being aggregated, we must determine if they were class A or B person misdemeanors. Riojas' misdemeanor offenses occurred before and after the enactment of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq*. For criminal history purposes, a pre-KSGA offense is rated as either a person or nonperson offense based on the comparable statute that was in effect at the time the current crime of conviction was committed. *State v. Keel*, 302 Kan. 560, 581, 357 P.3d 251 (2016). When the legislature enacted the KSGA it classified battery as

4

a class B person misdemeanor, and subsequent amendments to the battery statute have not changed this classification. See L. 1993, ch. 291, § 27; L. 1996, ch. 211, § 4; L. 1996, ch. 258, § 13. Thus, the comparable statute in effect when Riojas committed his offenses classified battery as a class B person misdemeanor. Riojas' five battery convictions and adjudications were capable of being aggregated. See K.S.A. 1998 Supp. 21-4711(a); *Keel*, 302 Kan. at 581.

At the time Riojas committed his current offenses, interference with parental custody was classified as a class A person misdemeanor. See K.S.A. 21-3422(c)(1) (Furse 1995). This conviction was capable of being aggregated. See K.S.A. 1998 Supp. 21-4711(a). Ultimately, Riojas had six person misdemeanors that were capable of being aggregated. The plain language of the aggregation statute makes aggregating three class A or B person misdemeanors mandatory. See K.S.A. 1998 Supp. 21-4711(a). The sentencing court could have aggregated Riojas' six misdemeanors into two person felonies.

Without considering the pre-1993 juvenile burglary adjudications, Riojas' proper criminal history score included three or four person felony convictions or adjudications depending on the case. In 99CR101 and 98CR515, Riojas had two person felony convictions and six misdemeanors that should have been aggregated into two person felonies for a total of four person felonies. In 98CR514 and 98CR646, Riojas had one person felony conviction and six misdemeanors that should have been aggregated into two person felonies for a total of three person felonies.

A person has a criminal history score of A if they have three or more prior person felony convictions or adjudications. See K.S.A. 2016 Supp. 21-6809. In each case, Riojas had at least three felony convictions or adjudications regardless of whether the pre-1993 juvenile burglary adjudications are counted; therefore, Riojas had a criminal history score of A. The district court sentenced Riojas to the applicable sentence for a criminal history

5

score of A; therefore, Riojas' sentence conformed to the applicable statutory provision and is not an illegal sentence. See *Dickey II*, 301 Kan. at 1034; *State v. Hadley*, No. 113,371, 2016 WL 1546020, at *5 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. ___ (April 19, 2017). Due to this, Riojas did not raise a substantial issue of fact or law, and the district court did not err in summarily denying his motion to correct an illegal sentence.

Finally, we turn to Riojas' claim that the district court erred by refusing to allow him to be present at the hearing in this case. The law, K.S.A. 22-3504(1), requires the defendant's presence "in any proceeding for the correction of an illegal sentence." Our Supreme Court has interpreted the language of this statute to require a defendant's presence in a proceeding where an illegal sentence is being corrected. See *State v. Hoge*, 283 Kan. 219, 224, 150 P.3d 905 (2007). In reaching this interpretation, the court rejected an interpretation of that statute that would have required presence at "'any proceeding *relating to a motion* to correct an illegal sentence.'" 283 Kan. at 224.

Here, the proceeding was a preliminary hearing to determine whether there was sufficient cause to move forward to an evidentiary hearing. Under the statutory interpretation in *Hoge*, the proceeding here was in relation to a *motion* to correct an illegal sentence and not "any proceeding for the correction of an illegal sentence." See K.S.A. 22-3504(1); *Hoge*, 283 Kan. at 224. The district court was not required to have Riojas present at the preliminary hearing. See *Bruner v. State*, 277 Kan. 603, 607, 88 P.3d 214 (2004); *Verge*, 2005 WL 2076503, at *2.

Affirmed.