IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,270

STATE OF KANSAS,
*Appellee*,

v.

BRENT L. ALFORD,
*Appellant*.

SYLLABUS BY THE COURT

1.

An appellate court applies a de novo standard of review to a district court's summary denial of a motion to correct an illegal sentence under K.S.A. 22-3504.

2.

K.S.A. 22-3504 only applies if a sentence is illegal. Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. An illegal sentence under the statute is one imposed by a court without jurisdiction, a sentence that does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence that is ambiguous with respect to the time and manner in which it is to be served.

3.

A sentence that conforms to the applicable statutory provision in both character and term of authorized punishment is not illegal.

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed October 26, 2018. Affirmed.

*Brent L. Alford,* appellant, was on the briefs pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The decision of the court was delivered by

NUSS, C.J.: Brent L. Alford appeals the district court's summary denial of his motion to correct an illegal sentence. Alford argues his hard 40 sentence is illegal because the sentencing jury considered inadmissible hearsay evidence and was wrongly instructed that it needed to unanimously recommend the hard 15 sentence. Because his claims cannot be raised in a motion to correct an illegal sentence, we affirm the decision of the district court.

## FACTS AND PROCEDURAL HISTORY

In 1993, Alford was convicted of first-degree murder, aggravated kidnapping, and unlawful possession of a firearm for shooting his ex-girlfriend seven times while she was at work. After convicting Alford of first-degree murder, the jury reconvened to determine whether he should receive a hard 40 sentence, i.e., a life sentence with a mandatory minimum of 40 years.

At sentencing, the jury was instructed to recommend a hard 40 sentence if it found beyond a reasonable doubt that "there are one or more aggravating circumstances and that they outweigh mitigating circumstances," and it was the jury's duty to return a hard 15 verdict if "you have a reasonable doubt that aggravating circumstances outweigh mitigating circumstances." The jury was also instructed "[i]n order to reach a verdict in this case, your decision must be unanimous." Alford's jury checked its verdict form's box next to the aggravating circumstance that Alford committed the crime in an especially

2

heinous, atrocious, or cruel manner. Based on the jury's findings, the district court imposed the hard 40 sentence.

We affirmed Alford's convictions and sentence on direct appeal. *State v. Alford*, 257 Kan. 830, 896 P.2d 1059 (1995). There, we held the murder victim's written statement regarding a prior aggravated battery was not hearsay because it was not admitted to prove the truth of the matter asserted. Rather, the statement was admissible to show discord and that Alford was distraught over the breakup, which had a bearing on his intent to kill. 257 Kan. at 840.

Twenty-one years later, in 2016, Alford filed two pro se motions to correct an illegal sentence. In the motions, Alford argued that the trial court violated K.S.A. 1993 Supp. 21-4624(3) by permitting the sentencing jury to consider the murder victim's written statement regarding the earlier aggravated battery, which he contended was improperly admitted at trial in violation of hearsay rules and at sentencing in violation of due process and the Sixth Amendment right to confront witnesses. He also argued the court wrongly instructed the jury and the verdict form improperly implied that the jury needed to reach a unanimous verdict on the hard 15 sentence in violation of K.S.A. 1993 Supp. 21-4624(5).

The district court summarily denied Alford's motions holding that a motion to correct an illegal sentence was not the appropriate vehicle to raise constitutional challenges to his sentence. Alternatively, the court held the sentence imposed was lawful.

Alford appealed. We have jurisdiction under K.S.A. 2017 Supp. 22-3601 (life sentence).

ANALYSIS

Issue: *Alford's claims cannot be raised in a motion to correct an illegal sentence.*

Alford continues to argue that two defects occurring during the sentencing phase of his trial render his sentence illegal. The State agrees with the district court that Alford's motion is barred because neither claim fits within the narrow category of those permitted in a motion to correct illegal sentence.

*Standard of review*

We review the district court's summary denial of a motion to correct an illegal sentence de novo because we have the same access to the motions, records, and files as that court. We must determine whether the documents conclusively show the defendant is not entitled to relief. *State v. Buford*, 307 Kan. 73, 74, 405 P.3d 1194 (2017). Whether a sentence is illegal is a question of law over which we have unlimited review. *State v. Kingsley*, 306 Kan. 530, 533, 394 P.3d 1184 (2017). A sentence that is illegal under K.S.A. 22-3504 may be corrected at any time. This statute has "'very limited applicability.'" *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013).

*Discussion*

K.S.A. 22-3504 governs motions to correct a defendant's illegal sentence, and Alford's claims must fit within the narrow definition of an illegal sentence to qualify for relief. *State v. Dickey*, 305 Kan. 217, 220-21, 380 P.3d 230 (2016).

K.S.A. 2017 Supp. 22-3504(3) defines an illegal sentence as one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision,

4

either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced."

Here, the only category potentially applicable to either of Alford's claims is the second—a sentence that fails to conform to the applicable statutory provision, either in character or the term of authorized punishment. *Kingsley*, 306 Kan. at 533.

### 1. THE SENTENCING JURY'S CONSIDERATION OF THE VICTIM'S PRIOR WRITTEN STATEMENT

Alford argues the trial court erroneously instructed the jury that it could consider all trial evidence during sentencing. Because the victim's written statement was admitted into evidence at trial, he argues the instruction informed the sentencing jury it could consider the statement during the sentencing phase as well. He argues K.S.A. 1993 Supp. 21-4624(3) prohibits its consideration, however, rendering his sentence illegal.

At the time Alford committed the offense of first-degree murder, the admission of evidence during the hard 40 sentencing proceeding was controlled by K.S.A. 1993 Supp. 21-4624(3). It stated:

> "(3) In the sentencing proceeding, evidence may be presented concerning any matter that the court deems relevant to the question of sentence and shall include matters relating to any of the aggravating circumstances enumerated in K.S.A. 1993 Supp. 21-4625 and amendments thereto and any mitigating circumstances. *Any such evidence which the court deems to have probative value may be received regardless of its admissibility under the rules of evidence, provided that the defendant is accorded a fair opportunity to rebut any hearsay statements. Only such evidence of aggravating circumstances as the state has made known to the defendant prior to the sentencing proceeding shall be admissible, and no evidence secured in violation of the constitution*

5

*of the United States or of the state of Kansas shall be admissible. . . ."* (Emphasis added.) K.S.A. 1993 Supp. 21-4624(3).

This statute relaxes the standard evidentiary rules as long as the defendant has an opportunity to rebut any hearsay statements and the evidence was not "secured in violation" of a constitution.

Alford argues allowing the sentencing jury to consider the victim's prior statement violates the United States Constitution's Sixth Amendment's confrontation clause because the statement lacked adequate indicia of reliability. He further argues admission of the statement violates due process under the Fifth Amendment of the United States Constitution and § 10 of the Kansas Constitution Bill of Rights because the district court did not make findings regarding the statement's trustworthiness and reliability. He then argues that admission of evidence in violation of such constitutional rights violates K.S.A. 1993 Supp. 21-4624(3). Because he ultimately argues a statute was violated, Alford contends this is a statutory claim that can be brought in a motion to correct an illegal sentence.

The State responds a motion to correct is not the appropriate vehicle to raise constitutional claims. It further argues the mere fact that defendant can point to a statute he believes supports his claims does not mean they fit within the narrow definition of an illegal sentence. In support of its argument, the State cites *State v. Mebane*, 278 Kan. 131, 133-34, 91 P.3d 1175 (2004). There, this court held the district court's failure to comply with the statute requiring allocution at resentencing did not qualify as an argument that the defendant's sentence does not "conform to the statutory provision, either in character or the term of the punishment authorized." 278 Kan. at 134-35. We emphasized that Mebane's sentence conformed to the statutory provisions regarding class A, B, and C felonies and the Habitual Criminal Act. 278 Kan. at 134-35.

As noted, Alford relies on K.S.A. 1993 Supp. 21-4624(3)—a subsection of the statute devoted to establishing evidentiary rules—to argue that it was improper for the jury to consider the witness' written statement. But this statute does not define the crime of murder, assign the category of punishment, or involve the criminal history classification axis. It simply addresses the evidentiary rules applicable during the sentencing proceeding. So this statute would not qualify as the relevant statutory provision implicating an illegal sentence under *State v. Edwards*, 281 Kan. 1334, 1337, 135 P.3d 1251 (2006) ("'Statutory provision' as applicable to K.S.A. 22-3504[1] is the statute defining the crime and assigning the category of punishment to be imposed."), or under *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011) (incorrect criminal history score does not conform with the statutory provision for the term of the punishment authorized). Because Alford's argument does not fit within the statutory definition of an illegal sentence, we conclude he cannot raise this hearsay argument in a motion to correct an illegal sentence.

2.    INSTRUCTING THE SENTENCING JURY IT NEEDED TO BE UNANIMOUS ON THE HARD 15

Alford also argues the sentencing instructions and verdict form wrongly instructed the jury it must be unanimous to impose the hard 15 sentence. At the time Alford committed this offense of first-degree murder, K.S.A. 1993 Supp. 21-4624 required the jury unanimously recommend the hard 40 sentence. But it did not require unanimity on the hard 15. See *State v. Reed*, 256 Kan. 547, 566-67, 886 P.2d 854 (1994). Thus, Alford would be entitled to the hard 15 if one or more jurors did not agree with imposing the hard 40.

The unanimity requirement of K.S.A. 1993 Supp. 21-4624 is contained in subsection (5) which states:

"(5) If, *by unanimous vote*, the jury finds beyond a reasonable doubt that one or more of the aggravating circumstances enumerated in K.S.A. 1993 Supp. 21-4625 and amendments thereto exist and, further, that the existence of such aggravating circumstances is not outweighed by any mitigating circumstances which are found to exist, the defendant shall be sentenced pursuant to K.S.A. 1993 Supp. 21-4628 and amendments thereto; otherwise, the defendant shall be sentenced as provided by law. The jury, if its verdict is a *unanimous recommendation of a sentence of a mandatory term of imprisonment of 40 years*, shall designate in writing, signed by the foreman of the jury, the statutory aggravating circumstances which it found beyond a reasonable doubt. . . ." (Emphases added.)

Alford cites *Reed*, 256 Kan. at 566-67, and *State v. Kleypas*, 272 Kan. 894, 1060-64, 40 P.3d 139 (2001), as authority that the jury instructions and verdict form created an illegal sentence because they violate subsection (5) of K.S.A. 1993 Supp. 21-4624.

*Reed* involved a direct appeal from an imposition of a hard 40 sentence under K.S.A. 1993 Supp. 21-4624(5). The defendant argued the sentencing jury was wrongly instructed that "'your agreement upon each verdict must be unanimous.'" 256 Kan. at 567. This court held the instruction did not fairly state the law, but it was not clearly erroneous because there was no real possibility the jury would have reached a different verdict. 256 Kan. at 567.

*Kleypas* also involved a direct appeal, but it concerned imposition of a death sentence. The defendant argued the sentencing instructions and verdict forms wrongly stated that a unanimous decision was required to impose a life sentence. The sentencing jury was provided two verdict forms—one for a death sentence and one for the sentence as provided by law. This court held the second form concerning the sentence as provided by law, i.e., the lesser sentence, erroneously informed the jury that it had to unanimously agree that a sentence other than death should be imposed. 272 Kan. at 1062. This court

8

concluded the erroneous verdict form materially prejudiced Kleypas' right to a fair trial and would require a new penalty phase hearing if that had not already been required by another issue. 272 Kan. at 1064.

These and other distinctions aside, Alford's appeal is different from *Reed* and *Kleypas* because it arises from a motion to correct an illegal sentence, not a direct appeal.

Directly on point, however, is our decision in *State v. Allison*, 306 Kan. 80, 392 P.3d 52 (2017). In *Allison*, the defendant filed a motion to correct his hard 40 sentence imposed under the same sentencing statutes applicable to Alford's case. Allison argued his sentence did not conform to K.S.A. 1993 Supp. 21-4624(5) because the verdict form required the jury to unanimously agree to impose a hard 15 sentence. The district court held the issues raised were not correctable under a motion to correct an illegal sentence. On appeal, Allison argued the issue could be raised in such a motion because he was not challenging his conviction. We rejected that argument, holding counsel's argument "reflects an overbroad understanding of the issues subject to challenge under K.S.A. 22-3504(1)." 306 Kan. at 83.

Alford did not object to the jury instructions or verdict form at trial. As a result, this issue would be reviewed for clear error if raised during the direct appeal. K.S.A. 22-3414(3). By raising it in a motion to correct an illegal sentence, Alford bypasses those limitations. K.S.A. 22-3504(1) ("The court may correct an illegal sentence at any time."). But the *Allison* court's analysis that the hard 40 sentence was not illegal because the statutory prerequisites were satisfied implies a limitation to what can be challenged in a motion to correct. Alford's argument that the procedure used to reach the verdict was improper is too broad to fit within such a motion.

Affirmed.