NOT DESIGNATED FOR PUBLICATION

No. 122,216

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEE ALEXANDER CROSSMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lincoln District Court; KIM W. CUDNEY, judge. Opinion filed January 29, 2021. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Jennifer R. O'Hare*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Lee Alexander Crossman appeals from his sentence after being convicted of aggravated battery. On appeal, Crossman contends that his sentence was illegal because the district court failed to make a specific finding regarding his criminal history score. Crossman also contends that the State failed to prove his criminal history by a preponderance of the evidence. Based on our review of the record, we find that Crossman has failed to make a colorable claim that his sentence his illegal. Likewise, we conclude that the State adequately proved Crossman's criminal history based on the filing of the presentence investigation report (PSI) and the failure of Crossman to object to the PSI or criminal history worksheet. Thus, we affirm Crossman's sentence.

1

FACTS

The material facts are undisputed. On February 4, 2019, the State charged Crossman with one count of aggravated battery and one count of criminal possession of a firearm. Based on the terms of a plea agreement, Crossman pled no contest to one count of aggravated battery in violation of K.S.A. 2018 Supp. 21-5413(b)(2)(A), and the State agreed to dismiss the second count. After hearing the factual basis for the charge, the district court judge found Crossman guilty.

Prior to sentencing, a PSI was prepared and filed with the district court. The PSI listed Crossman's criminal history score as E. Specifically, the PSI listed six previous nonperson misdemeanors and five previous nonperson felonies. In addition, Crossman filed a motion prior to sentencing seeking a downward dispositional departure from a presumptive prison sentence to probation.

At the sentencing hearing, the district court discussed the PSI with counsel. Moreover, the district court and counsel repeatedly referenced the PSI—as well as Crossman's criminal history score—throughout the hearing. The PSI filed with the district court stated that Crossman had committed six previous nonperson misdemeanors and five previous nonperson felonies. As a result, the report concluded that his criminal history score was E.

Crossman did not object to the PSI, to his prior criminal history, or to his criminal history score. The district court noted that Crossman had been convicted of aggravated battery in the present case and stated the presumptive prison range based on the PSI. Specifically, the district court stated on the record: "The primary offense is aggravated battery. This is a level 5-person felony. It is presumptive prison with a sentencing range of 51 to 46 months, a presumptive post-release of 24 months, a presumptive probationary period of 36 months."

2

During the hearing, Crossman's attorney referred to his client's criminal history as set forth in the PSI and specifically noted that Crossman's past crimes were nonperson rather than person crimes. Defense counsel also noted that Crossman had struggled with drug usage, but had not committed any person felonies. In response, the State pointed to Crossman's significant criminal history as set forth in the PSI in arguing that the district court should deny the motion for a downward dispositional departure.

After reviewing the PSI and hearing the arguments presented, the district court denied the motion for downward dispositional departure. Instead, it sentenced Crossman to the mid-range of 49 months in prison and imposed 24 months of postrelease supervision. Following his sentencing, Crossman filed a timely notice of appeal.

ANALYSIS

On appeal, Crossman claims his sentence is illegal. Crossman first argues the district court erred when it failed to specifically find his criminal history score prior to imposing sentence as set forth in K.S.A. 2019 Supp. 21-6814(a). He also argues that the State failed to prove his criminal history by a preponderance of the evidence. Whether a sentence is illegal within the meaning of K.S.A. 2019 Supp. 22-3504 is a question of law over which this court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 2019 Supp. 22-3504(a). A defendant may challenge a sentence even for the first time on appeal. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). However, the circumstances under which the illegal sentence statute applies are limited. See *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018). A sentence is only deemed illegal under K.S.A. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in

3

character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. K.S.A. 2019 Supp. 22-3504(c)(1); *Hambright*, 310 Kan. at 411.

Here, Crossman argues that his sentence is illegal because the district court did not make an explicit finding on the record that his criminal history score was E. In response, the State argues that Crossman failed to object to his criminal history score as set forth in the PSI filed with the district court. Likewise, the State argues that the district court made the necessary findings when it referenced the PSI at the sentencing hearing and imposed a sentence consistent with the criminal history reflected in the PSI. Based on our review of the record, we find that Crossman has not shown that his sentence is illegal for any of the statutory reasons. See *State v. Patterson*, 262 Kan. 481, 485-86, 939 P.2d 909 (1997).

The revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq., provides a presumptive sentence using a grid based upon two factors: the crime severity ranking of the current crime of conviction and the criminal history classification of the defendant. See K.S.A. 2019 Supp. 21-6803(l); K.S.A. 2019 Supp. 21-6804(c). A defendant's criminal history includes an offender's criminal record of adult felony convictions, juvenile adjudications, and misdemeanors as provided in K.S.A. 2019 Supp. 21-6810.

When calculating a defendant's criminal history score, a district court is required to consider the defendant's prior convictions as set out in the PSI. The district court is also to consider whether each conviction is classified as a felony or a misdemeanor conviction as well as whether each conviction is a person or nonperson offense. See K.S.A. 2019 Supp. 21-6810. For post-KSGA Kansas convictions, both person and nonperson offense classifications are included in determining the presumptive sentence. See *State v. Keel*, 302 Kan. 560, 574-75, 357 P.3d 251 (2015).

A defendant may challenge his or her sentence as illegal if the crime severity level or the criminal history score is in error. *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011); see *State v. Martin*, 52 Kan. App. 2d 474, 483, 369 P.3d 959 (2016). Further, in the event that the crime severity level or the criminal history score is incorrect, the resulting sentence is deemed to be illegal. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). In the present case, Crossman does not assert that the criminal history score set out in the PSI was erroneous nor does he challenge the severity level of his current crime of conviction.

K.S.A. 2019 Supp. 21-6814(a) provides that the criminal history score shall either be admitted by the defendant in open court or established by a preponderance of the evidence at the sentencing hearing. In addition, "the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history." K.S.A. 2019 Supp. 21-6814(b). In addition, K.S.A. 2019 Supp. 21-6814(c) provides that "[u]pon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet."

In this case, it is undisputed that the PSI was filed with the district court on August 5, 2019. Furthermore, it is undisputed that the PSI was discussed by the district court and by counsel at the sentencing hearing. It is also undisputed that the PSI reflects that Crossman's current crime of conviction is aggravated battery, which is a severity level 5 person felony, and that his criminal history score is E. Finally, it is undisputed that the sentence ultimately imposed by the district court fell within the presumptive range set forth in the KSGA for the crime of conviction and a criminal history score of E.

Significantly, Crossman never filed written notice to advise the county attorney and the district court of any error in the proposed criminal history worksheet as required

5

by K.S.A. 2019 Supp. 21-6814(c). Likewise, Crossman never voiced an objection to the PSI, the list of his prior convictions, or his criminal history score at the sentencing hearing. Because Crossman did not object to the PSI or the criminal history worksheet below, we find that the PSI filed with the district court satisfied the State's burden of proof since nothing more was required under these circumstances. See K.S.A. 2019 Supp. 21-6814(b); *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019) ("The presentence investigation summary frequently can satisfy the State's burden absent defendant's objection.").

Although the district court did not explicitly state that Crossman's criminal history score was E, the PSI became part of the record when it was filed pursuant to K.S.A. 2019 Supp. 21-6813(c). The statute does not state that the district court is required to take additional action to make the PSI part of the record after it is filed by the State. In addition, the district court explicitly stated on the record that Crossman was convicted of aggravated battery, a severity level 5 person felony, and that the sentencing range was 46 to 51 months. Under K.S.A. 2019 Supp. 21-6804(a), the only possible criminal history score finding under a crime severity level 5 and a sentencing range of 46 to 51 months is E.

Crossman also complains that the district court did not take judicial notice of the PSI under K.S.A. 2019 Supp. 21-6813(f). However, on its face that subsection deals with a district court taking judicial notice of a PSI filed in a prior case—not in the current case. Under the circumstances presented, the district court was not required to take judicial notice of the PSI prepared specifically for this case and filed by the State prior to sentencing in accordance with K.S.A. 2019 Supp. 21-6814.

Accordingly, we conclude that the State met its burden to prove Crossman's criminal history at the sentencing hearing. Likewise, we conclude that the district court adequately considered the criminal history as set forth in the PSI as well as the current

6

crime of conviction in order to determine an appropriate sentence under the KSGA. Even if the district court's failure to explicitly state Crossman's criminal history score on the record were deemed to be error, it was harmless in this case because a review of the PSI and the transcript of the sentencing hearing reveal that district court—as well as the parties—operated under the premise that Crossman's criminal history score was E in determining the appropriate sentence. See *State v. Salary*, 309 Kan. 479, 487-89, 437 P.3d 953 (2019).

Finally, it is important to note that even on appeal, Crossman fails to allege any error in his PSI or the criminal history worksheets. Because he failed to object below, the burden of proof shifts to Crossman to prove any subsequent challenge to his criminal history score by a preponderance of the evidence. K.S.A. 2019 Supp. 21-6814(c). Nevertheless, Crossman has not attempted to show—nor does he even argue—that his criminal history score was incorrect. Although it is certainly the best practice for a sentencing judge to state the criminal history score on the record, we find any error to be harmless under the circumstances presented in this case.

Consequently, we conclude that Crossman's sentence is not illegal, and we affirm the district court.

Affirmed.