NOT DESIGNATED FOR PUBLICATION

No. 123,187

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JOHN D. LUTON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed August 13, Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

PER CURIAM: John D. Luton appeals the Sedgwick County District Court's denial of his motion to correct an illegal sentence. We granted Luton's request for summary disposition of a sentencing appeal under Supreme Court Rule 7.041A (2021 Kan. St. Ct. R. 48). Luton challenges the classification of his 1984 conviction for aggravated burglary as a person felony when he was sentenced in this case in 1997. We find the district court correctly denied Luton relief and, therefore, affirm.

A jury convicted Luton of aggravated criminal sodomy and aggravated burglary in 1997. The district court assigned him a criminal history score of A based on his past convictions and sentenced him to 616 months in prison. Luton appealed his convictions,

1

and we affirmed in *State v. Luton*, No. 80, 958, unpublished opinion filed January 29, 1999 (Kan. App.), *rev. denied* 266 Kan. 1113 (1999). Luton has repeatedly filed habeas corpus motions under K.S.A. 60-1507 and motions to correct an illegal sentence under K.S.A. 22-3504.

Pertinent here, Luton filed a motion to correct an illegal sentence in October 2015 in which he argued his criminal history score was based on the incorrect classification of his past convictions. The district court denied the motion based on *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). We found the district court erred when it classified Luton's 1981 burglary conviction as a person felony because the district court looked behind the fact of the conviction itself and the statutory elements, thereby violating the Sixth Amendment to the United States Constitution. *State v. Luton*, No. 113,936, 2016 WL 3960210, at *4 (Kan. App. 2016) (unpublished opinion). But we held the district court properly classified Luton's 1984 aggravated burglary conviction as a person felony. 2016 WL 3960210, at *5.

On remand, the district court determined Luton's criminal history score was B and sentenced Luton to 576 months. Luton filed a notice of appeal of that ruling in July 2017, and we appear to have summarily affirmed the district court in September 2018.

Luton filed the present motion to correct an illegal sentence in December 2019 and argued that because his 1984 conviction for aggravated burglary occurred before the Legislature adopted the Kansas Sentencing Guidelines (KSGA), his conviction should have been classified as a nonperson felony under the reasoning of *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*). The district court summarily denied Luton's motion, finding *Keel* applied and aggravated burglary in 1984 was comparable to the post-KSGA statute in effect in 1997 because both required a person to be present during the burglary. In turn, since aggravated burglary was a person felony in 1997, Luton's

1984 conviction for aggravated burglary should be so classified in determining his criminal history score. Luton has appealed.

In his motion for summary disposition, Luton argues his 1984 conviction was improperly classified as a person felony under the rule of *Murdock II*. A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 2020 Supp. 22-3504(a); *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). And when evaluating whether a sentence is illegal under K.S.A. 22-3504 on appeal, we have unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). Similarly, we exercise unlimited review when evaluating a summary denial of a motion to correct illegal sentence because the appellate court has the same access to the motion, records, and files as did the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

A sentence is illegal under K.S.A. 2020 Supp. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1); *Hambright*, 310 Kan. at 411. Under K.S.A. 2020 Supp. 22-3504, a defendant may challenge the district court's classification of his past convictions and the resulting criminal history score. *State v. Weber*, 297 Kan. 805, 813-14, 304 P.3d 1262 (2013). A change in the law after the sentence is pronounced and after any direct appeal is concluded does not render that sentence illegal. K.S.A. 2020 Supp. 22-3504(c).

Relevant to this appeal, the district court correctly found *Keel* was controlling. In *Keel*, the Kansas Supreme Court held that when classifying pre-KSGA convictions for criminal history purposes, the court should adopt the classification assigned to the comparable crime at the time the defendant committed the criminal act for which he or she is being sentenced. 302 Kan. at 589-90 (overruling *State v. Murdock*, 299 Kan. 312,

3

323 P.3d 846 [2014] [*Murdock I*]). In *Murdock II*, the Kansas Supreme Court held the legality of a sentence will be governed by the law in effect at the time the district court pronounced the sentence: "At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591. And in *State v. Clark*, 313 Kan. 556, 572-73, 486 P.3d 591 (2021), the Kansas Supreme Court clarified that the law as it existed at the time of the defendant's original sentence applies when evaluating the legality of the sentence.

The KSGA was adopted in 1993; thus, we must determine whether Luton's 1984 conviction was properly classified as a person felony as of the time he committed the crimes of conviction in this case in 1997. In 1997, aggravated burglary was defined as "knowingly and without authority entering into or remaining within any building, manufactured home, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property in which there is a human being, with intent to commit a felony, theft or sexual battery therein." K.S.A. 21-3716. The statute classified aggravated burglary as a level 5 person felony. K.S.A. 21-3716. The 1984 and 1997 versions of the aggravated burglary statute are functionally equivalent for this purpose and nearly identical in their language. The district court, therefore, properly classified Luton's 1984 aggravated burglary conviction as a person felony at the time the district court pronounced his sentences in 1997 for aggravated criminal sodomy and aggravated burglary. In turn, the district court properly denied Luton's present motion to correct an illegal sentence.

Affirmed.

4