(631 P.2d 254)

No. 52,132

STATE OF KANSAS, *Appellee*, v. TOM D. BELL, JR., *Appellant.*

Opinion filed July 10, 1981.

*Michael T. Harris,* of Wichita, for the appellant.

*Beverly Dempsey,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before REES, P.J., ABBOTT and SPENCER, JJ.

SPENCER, J.: This is a direct appeal from conviction of attempted burglary (K.S.A. 21-3301, 21-3715).

Initially it is argued the trial court erred in denying defendant's motion for acquittal under K.S.A. 22-3419. We have reviewed the record on appeal and, although the evidence against defendant was primarily circumstantial, we find it to be such that reasonable minds might fairly conclude guilt beyond a reasonable doubt. Accordingly, it was not error to deny the motion for acquittal. See *State v. White & Stewart,* 225 Kan. 87, 587 P.2d 1259 (1978); *State v. Colbert,* 221 Kan. 203, 557 P.2d 1235 (1976).

It is next argued it was error not to instruct on the offense of criminal trespass, K.S.A. 1980 Supp. 21-3721. This issue was considered and resolved contrary to defendant's position in *State v. Williams,* 220 Kan. 610, 556 P.2d 184 (1976), wherein it was held:

"Criminal trespass as defined in K.S.A. 21-3721 includes a notice requirement under either paragraph (*a*) or (*b*) as an additional element of the crime, which element is not a necessary element of aggravated burglary." Syl. ¶ 3.

"The crime of criminal trespass is a separate and distinct crime and is not a crime necessarily proved if the crime of burglary is proved." Syl. ¶ 4.

Finally, error is asserted in sentencing defendant for a term to "run consecutive to any parole violation and consecutive to any sentence which may be imposed upon the defendant in any pending case." In this we must agree.

The crime with which defendant was charged occurred December 4, 1979. The jury returned its verdict and defendant was adjudged guilty of attempted burglary on February 26, 1980. Sentence was imposed April 15, 1980. From the record before us it appears defendant was then on parole from a sentence imposed in 1978, and may also have been involved as defendant in at least one other case then pending.

By definition, the term "consecutive sentences" means sentences "following in a train, succeeding one another in a regular order, with an uninterrupted course of succession, and having no interval or break." 21 Am. Jur. 2d, Criminal Law § 547. A sentence should be definite and certain, and not dependent upon any contingency or condition. It should be stated with sufficient certainty to permit its proper execution. 21 Am. Jur. 2d, Criminal Law § 534.

As it appears defendant in this case was convicted and sentenced for a crime committed while on parole from a sentence previously imposed, it was within the discretionary power of the trial court to direct that the two sentences then in existence run consecutively. K.S.A. 1980 Supp. 21-4608(2). However, a sentence may not follow or succeed without interval or break that which does not exist. The court in this case had no authority to direct the sentence here imposed run consecutively to a sentence which might thereafter be imposed in a case then pending.

The judgment of conviction is affirmed, but the sentence is vacated and this case is remanded for imposition of new sentence.