IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,534

STATE OF KANSAS,
*Appellee*,

v.

ARTIS SWAFFORD,
*Appellant*.

SYLLABUS BY THE COURT

1.

The time limit within which to appeal a ruling on a motion to correct an illegal sentence, filed pursuant to K.S.A. 22-3504, is 30 days after the entry of judgment.

2.

A motion for additional findings of fact under K.S.A. 2016 Supp. 60-252 or a motion for a rehearing under K.S.A. 2016 Supp. 60-259 is timely if filed within 28 days of judgment, and the effect of such timely filed motions is to toll the time for filing an appeal.

3.

When the sentencing judge announces that the current sentence is to run consecutive to a sentence previously imposed in a case that the judge identifies by case number only and the record reflects that there is only one case in the defendant's criminal history assigned that announced case number, the resulting sentence is not ambiguous.

1

4.

A sentencing judge is authorized to order the current sentence to be served consecutive to a previously imposed underlying misdemeanor sentence upon which the defendant is on probation at the time of sentencing notwithstanding that a revocation proceeding in the misdemeanor case has not been completed.

5.

Without running afoul of due process, a district court has the authority to summarily deny a K.S.A. 22-3504 motion to correct an illegal sentence without a hearing and may summarily assess the adequacy of its findings of fact and conclusions of law memorializing the summary denial without a hearing.

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed June 2, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

*Ellen Hurst Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

JOHNSON, J.: Artis Swafford appeals the Saline County District Court's summary dismissal of his fourth K.S.A. 22-3504 motion to correct an illegal sentence. Swafford was sentenced in 1993 to life in prison for felony murder and a term of 15 years to life for aggravated robbery; the sentences were ordered to be served consecutively to each other and to sentences imposed in separate cases in Saline and Geary counties. Swafford contends that the sentencing judge's pronouncement of consecutive sentencing was ambiguous and that the judge was prohibited from ordering the sentence in this case to be served consecutively to the underlying sentence in Geary County because a probation

2

revocation proceeding was still pending in that county. Swafford's arguments are unavailing; the district court is affirmed.

FACTUAL AND PROCEDURAL OVERVIEW

Swafford and two others brutally beat and killed a motel night clerk during an armed robbery. In 1993, a jury convicted Swafford of felony murder and aggravated robbery. District Judge Daniel Hebert imposed a life sentence for the felony murder, and 15 years to life for the aggravated robbery. See K.S.A. 21-4501(a) (Ensley 1988) (life sentence for Class A felonies); K.S.A. 21-4501(b) (Ensley 1988) (sentencing range for Class B felonies). The district court ordered the sentences to be served consecutive to each other and consecutive to sentences previously imposed in separate cases in Saline and Geary counties. Additionally, Judge Hebert recommended that authorities defer consideration of parole beyond Swafford's initial date of parole eligibility.

Swafford's convictions and sentences were affirmed on direct appeal. *State v. Swafford*, 257 Kan. 1023, 897 P.2d 1027 (1995). Since then, Swafford has been very litigious, including the filing of K.S.A. 22-3504 motions to correct an illegal sentence in 2001, 2006, and 2010, all of which were denied. Swafford was unable on appeal to obtain relief from those denials. See, *e.g.*, *State v. Swafford*, No. 104,788, 2011 WL 5066936 (Kan. 2011) (unpublished opinion).

The current pro se motion to correct an illegal sentence was filed on August 5, 2014. Saline County District Judge Jared B. Johnson summarily denied the motion on September 23, 2014. Then, Swafford filed a motion for additional findings and the district court set a hearing date of November 3, 2014, on that motion. On October 31, 2014, however, the district court denied the motion for additional findings without a hearing, specifically finding that the original order of denial contained sufficient findings

3

of fact and conclusions of law. Consequently, the district court cancelled the scheduled hearing. Swafford filed a notice of appeal on November 4, 2014.

Swafford contends that the district court erred in denying his motion to correct an illegal sentence and that the district court denied Swafford due process when it cancelled the scheduled hearing on the motion for additional findings. The State responds that this court is without jurisdiction to hear Swafford's first issue because the notice of appeal was untimely. We take the liberty of addressing the State's contention first.

TIMELINESS OF NOTICE OF APPEAL

The State's factual summary simply recites that "[n]o notice of appeal was filed within fourteen days." But it does not support its contention with citation to specific statutory authority or with any meaningful argument as to why a 14-day limit would apply here. Normally an issue that is not supported by authority or is only mentioned in a cursory manner is deemed waived or abandoned. *State v. Sprague,* 303 Kan. 418, 425, 362 P.3d 828 (2015).

But the question of whether an appeal is timely implicates this court's jurisdiction because unless an appeal is brought in conformance with the applicable statutes appellate jurisdiction is not established. *State v. Shelly,* 303 Kan. 1027, 1036-37, 371 P.3d 820 (2016). If jurisdiction may be implicated, this court has an independent duty to question its jurisdiction. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013).

Presumably, the State lifted the 14-day limit from K.S.A. 2016 Supp. 22-3608(c), which provides:  "For crimes committed on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal." In context, the judgment to

4

which the statute refers is the sentencing of a criminal defendant. Moreover, Swafford committed his crime before July 1, 1993, making that subsection inapplicable by its own terms.

The unique nature of K.S.A. 22-3504, allowing relief from an illegal sentence "at any time," creates an ambiguity as to the time limit in which to appeal the result in such a proceeding. On appeal, civil rules of procedure apply in criminal cases unless otherwise specified. K.S.A. 22-3606. For procedural purposes, an appeal from a denial of a K.S.A. 22-3504 motion is treated the same as a denial of a K.S.A. 60-1507 motion. *State v. Hoge*, 283 Kan. 219, 222, 150 P.3d 905 (2007) ("[I]n general, this court has treated procedural aspects of motions attacking sentences filed under K.S.A. 22-3504 the same as those filed under K.S.A. 60-1507."); *State v. Barnes*, 37 Kan. App. 2d 136, 138, 149 P.3d 543 (2007). Given that K.S.A. 60-1507 proceedings are deemed to be civil matters, the movant has 30 days from the entry of judgment to file a notice of appeal. K.S.A. 2016 Supp. 60-2103(a); see *Barnes*, 37 Kan. App. 2d at 138. Accordingly, Swafford would ordinarily have had 30 days from the September 23, 2014, entry of judgment denying the motion in which to file an appeal.

Here, however, movant filed a pro se motion for additional findings within the 30-day period, specifically 17 days following the district court's judgment on the motion. That motion cited to K.S.A. 2016 Supp. 60-252, but its content also requested a rehearing, which would implicate K.S.A. 2016 Supp. 60-259, as well. A motion for additional findings of fact under K.S.A. 2016 Supp. 60-252 or a motion for a rehearing under K.S.A. 2016 Supp. 60-259 are timely if filed within 28 days, and the effect of such timely filed motions is to toll the time for filing an appeal.

Accordingly, when the district court denied the motion for additional findings, on October 31, 2014, Swafford had 13 days left in which to appeal the denial of his motion

5

to correct an illegal sentence. He filed his appeal 4 days later, on November 4, 2014. In short, Swafford timely filed his notice of appeal and this court has jurisdiction to proceed. *Cf. State v. Edwards*, No. 109,647, 2016 WL 3659639, at \*4 (Kan. 2016) (unpublished opinion) (finding jurisdiction under similar circumstances).

## LEGALITY OF SENTENCE

While a sentence that is illegal under K.S.A. 22-3504 may be corrected at any time, the circumstances under which a sentence is deemed illegal for K.S.A. 22-3504 purposes are narrowly and specifically defined. An illegal sentence is: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to applicable statutory provisions; or (3) a sentence that is ambiguous. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). Swafford contends that his sentences are vague and ambiguous regarding the time and manner in which they are to be served and that they fail to conform to applicable statutory provisions.

*Standard of Review*

Whether a sentence is illegal is a question of law subject to de novo review. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014).

*Analysis*

Swafford's claim of ambiguity and vagueness rests upon the way that Judge Hebert described the sentences to which the current sentence would be consecutive. In court, the judge ordered the current sentence to be served consecutive to sentences "previously imposed in case 92-CR-1286, [and] in Geary County Case 91-CR-1129." The written journal entry identifies the first previous sentence as *Saline County* case 92-CR-1286.

6

Swafford argues that because the oral pronouncement failed to specify that case no. 92-CR-1286 was a Saline County case, there would be no way to know to which case the judge was referring and, therefore, the sentence is illegally ambiguous. The only authority cited by Swafford is *Abasolo v. State*, 284 Kan. 299, 304-05, 160 P.3d 471 (2007), which held that a sentence is effective when it is pronounced from the bench and that a sentence cannot be corrected by a subsequent journal entry. There, the sentencing court announced a 36-month sentence, but the journal entry reflected a 52-month sentence. The remedy in that case was to correct the journal entry to reflect the pronounced sentence, but *Abasolo* did not find that the discrepancy rendered the sentence illegal. 284 Kan. at 310.

The factual distinction here is that the journal entry does not conflict with the oral pronouncement. Both refer to the same previous case, 92-CR-1286. Swafford does not allege, and the record would refute, that there was another prior case in his criminal history with the same case number as the Saline County case no. 92-CR-1286. In other words, describing the sentence to which the current sentence was to run consecutive as the one "previously imposed in case 92-CR-1286" clearly and unambiguously communicated to the parties, their counsel, and to this court the precise sentence that was being imposed. In short, there is no ambiguity here.

Swafford's claim that his sentences do not conform to statutory provisions centers on his Geary County case. Apparently, when Swafford was sentenced in this case, a motion to revoke his probation in the Geary County misdemeanor case was pending. According to the State, Geary County subsequently dismissed the misdemeanor case and discharged Swafford from probation as unsuccessful.

Swafford argues that *State v. Bell*, 6 Kan. App. 2d 573, 574, 631 P.2d 254 (1981), prohibited the district court from running his sentence consecutive to a probation violation. *Bell* says no such thing. In that case, the district court imposed a sentence "consecutive to any parole violation and consecutive to any sentence which may be imposed upon the defendant in any pending case." 6 Kan. App. 2d at 573. The Court of Appeals held that the district court's sentence was partially in error. A sentencing court cannot impose a sentence to run consecutive to a case in which the defendant has not yet been convicted or has never been sentenced. 6 Kan. App. 2d at 574; see also *State v. Reed*, 237 Kan. 685, 690, 703 P.2d 756 (1985).

On the other hand, *Bell* noted that K.S.A. 1980 Supp. 21-4608(2) granted the district court discretionary power to impose a sentence consecutively to the underlying sentence in any case in which Bell was on parole. 6 Kan. App. 2d at 574. The distinction being that a person on parole has already been sentenced to the term of incarceration underlying the parole. The same is true for a person on probation. A probationer has been sentenced to a term of incarceration underlying the probation, and that underlying sentence is amenable to consecutive sentencing. Indeed, K.S.A. 21-4608(f)(3) would have *required* consecutive sentencing if the Geary County case had involved a felony.

Swafford has failed to show that his consecutive sentencing illegally fails to conform to statutory provisions or that his sentences are illegally vague or ambiguous. The district court's summary denial of the motion to correct an illegal sentence was correct.

8

Swafford claims that when the district court summarily denied his motion for additional findings and cancelled the previously scheduled hearing on that motion, it violated Swafford's right to due process. His argument is unpersuasive.

*Standard of Review*

The question of what process is due is a question of law over which the court exercises unlimited review. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

*Analysis*

A person filing a K.S.A. 22-3504 motion to correct an illegal sentence is not automatically entitled to a hearing. See *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013) ("For more than 20 years we have instructed district courts considering a motion to correct an illegal sentence to conduct an initial examination of the motion."). A district court may summarily deny a K.S.A. 22-3504 motion if the motion, files, and records conclusively show defendant is not entitled to relief. *Hoge*, 283 Kan. at 224. Here, we were presented with sufficient findings to adequately review the district court's summary denial and affirm the ruling below.

If a district court is imbued with the authority to summarily deny a K.S.A. 22-3504 motion without running afoul of due process, the court can likewise assess the adequacy of its findings of fact and conclusions of law that memorialize the summary denial without conducting a hearing. Although Swafford repeatedly claims to have been denied the opportunity to be heard on his objections to the district court's findings, he set forth specific objections in his motion for additional findings, which the district court

9

addressed. Swafford fails to explain how a hearing would have enhanced his opportunity to be heard on the legal issue of the adequacy of findings. In short, we discern no due process violation in canceling the hearing the court determined to be moot.

Affirmed.