NOT DESIGNATED FOR PUBLICATION

No. 118,840

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUAN D. GARZA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed March 29, 2019. Affirmed in part, reversed in part, and case remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Pursuant to a plea agreement, Juan D. Garza pled guilty to one count of aggravated battery. The district court sentenced Garza to 32 months in prison and ordered him to pay restitution in the amount of $75,564. Garza now appeals that restitution order, claiming that the order was illegal and that the district court erred in failing to construe his pro se motion to correct an illegal sentence as a motion under K.S.A. 2017 Supp. 60-1507. Finding that the district court erred on the second issue, we affirm in part, reverse in part, and remand with directions.

1

On June 12, 2014, Garza and Jerrod Green, both inmates at the Hutchinson Correctional Facility, attacked and beat Miguel Garcia, another inmate, leaving him hospitalized with severe injuries. Based on that attack, Garza was charged with one count of aggravated battery. Following extensive negotiations, the State and Garza eventually entered into a plea agreement, pursuant to which Garza pled guilty to a reduced charge of aggravated battery at a lower severity level. Garza also agreed to waive his right to a direct appeal of either the conviction or the sentence and to pay all costs—including court costs, restitution, KBI fees, and attorney fees—as ordered by the court. Both parties agreed to recommend the aggravated sentence in the appropriate sentencing grid box to the district court, to be served consecutively to any other sentence Garza was serving.

The district court accepted Garza's guilty plea on December 9, 2016, and set the matter for sentencing on January 27, 2017. At the sentencing hearing, the State requested that the district court impose the standard, not the aggravated, 32-month prison sentence, to be served consecutively to the sentences Garza was already serving. The State also requested that the district court impose costs and order Garza to pay restitution in the amount of $75,654. Later in the hearing, the district court inquired about the restitution, which sparked the following exchange:

> "THE COURT: . . . Is the restitution agreed to?
> "[GARZA]: I was going to ask about the restitution.
> "THE COURT: Let me ask Mr. Osburn [Garza's attorney] to speak first, if I could.
> "MR. OSBURN: Well, Your Honor, we did agree to pay as usual the costs, restitution, blah, blah, blah. There was not a specified amount but we did agree to pay restitution.
> "MR. STANTON [PROSECUTOR]: Your Honor, the amount is what costs the medical care of the victim. I have the documentation. I believe I've shown it to defense

2

counsel. The Court also ordered the same amount of, amount of restitution in [Jerrod] Green, the co-defendant. So it would be joint and [several].

"MR. OSBURN: Your Honor, Mr. Garza went through a hearing at the [Kansas Department of Corrections] for this where he was assessed his share of the restitution. This should be joint and [several] with the other parties involved.

"THE COURT: And it will be. I don't have the names of those other persons.

"MR. STANTON: [Jerrod] Green, Judge, Case No. 15 CR 45. I'm sorry. 44.

"THE COURT: Just one individual?

"MR. STANTON: [Jerrod] Green, 15 CR 44.

"THE COURT: I will order the restitution of $75,564.00 and it is joint and [several] with [Jerrod] Green in that Case 15 CR 44, or the reference is to that case. So that should conclude the hearing. Thank You."

Garza did not object to or otherwise dispute the restitution order at the sentencing hearing nor did he directly appeal the district court's order.

On October 11, 2017, Garza filed a pro se motion to correct an illegal sentence, which he based on a number of different grounds. First, Garza argued that the district court erred when it ordered him to pay restitution because it failed to take into account that the Kansas Department of Corrections (KDOC) had already ordered him to pay restitution during an earlier disciplinary hearing arising from the same incident. Garza claimed that the two restitution orders were cumulative and therefore the district court's order constituted double jeopardy. Second, Garza argued that the district court erred when it failed to consider, on the record, his ability to pay restitution and that his "trial counsel's failure to speak up on his behalf in these subject matters was unquestionably, [ineffective assistance of counsel]." Finally, Garza requested a declaratory judgment under K.S.A. 60-1701 and asked for the appointment of new counsel to argue the issue on his behalf.

3

In passing, we note that Garza made a number of other claims in his pro se motion to correct an illegal sentence. However, each of those claims related to his treatment within the prison, and none of them are relevant to this appeal.

The district court held a hearing on Garza's motion on November 3, 2017. Garza was not present for that hearing and instead appeared only through his counsel, Charles Osburn, the same attorney who represented Garza at his plea and sentencing hearings. Because Garza claimed that Osburn provided ineffective assistance of counsel, Osburn began the hearing by asking the district court whether independent counsel needed to be appointed. The State noted that there did not appear to be any grounds for Garza's ineffective assistance of counsel claims but ultimately left it to the district court to determine if independent counsel was needed. The district court agreed with the State and proceeded with the hearing without appointing independent counsel.

Regarding Garza's claim of double assessment of restitution amounts, the district court modified its restitution order to make clear that any amount paid under the KDOC's order would be credited against the restitution owed in this case and likewise any payment on restitution should be credited to the KDOC judgment. Contingent upon receiving a journal entry with that clarification, the district court stated that it would be denying Garza's motion. Subsequently, the district court filed an order (November 9, 2017), and journal entry (November 17, 2017), confirming both the clarification and denial of Garza's motion.

Garza now appeals the district court's ruling denying his motion. Notably, Garza's pro se notice of appeal was mailed on December 5, 2017, and was not filed until December 14, 2017, with the district court.

ANALYSIS

*Timeliness of Garza's appeal*

As a preliminary matter, the State argues that Garza failed to file his notice of appeal in a timely manner and therefore we lack jurisdiction to hear this appeal. Whether jurisdiction exists is a question of law over which our scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

Generally, a defendant has 14 days from the judgment of the district court to file a notice of appeal. K.S.A. 2017 Supp. 22-3608(c). However, if a defendant files a motion to correct an illegal sentence outside of that 14-day period (i.e., more than 14 days after sentencing), it is treated as if it were a motion filed pursuant to K.S.A. 2017 Supp. 60-1507. See *State v. Mebane*, 278 Kan. 131, 135, 91 P.3d 1175 (2004). Motions pursuant to K.S.A. 2017 Supp. 60-1507 are civil in nature and therefore any appeal must be brought within 30 days of the journal entry denying the motion. See *State v. Barnes*, 37 Kan. App. 2d 136, 138, 149 P.3d 543 (2007); see also K.S.A. 2017 Supp. 60-2103(a). Further, under the prison mailbox rule, a prisoner's pro se documents are deemed "filed" when they are submitted to the prison authorities for mailing. *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015).

In this case, Garza filed his motion to correct an illegal sentence on October 11, 2017, nearly 10 months after the 14-day appeal period expired on February 17, 2017. The motion must therefore be treated as if it were filed pursuant to K.S.A. 2017 Supp. 60-1507, meaning that any appeal must be brought within 30 days of the journal entry denying the motion. See K.S.A. 2017 Supp. 60-2103(a); *Barnes*, 37 Kan. App. 2d at 138.

There are two potential dates on which the journal entry denying Garza's motion could have been filed:  November 9, 2017, when the order denying the motion was filed;

5

or November 17, 2017, when the official journal entry was filed. But regardless of which date we choose, Garza's notice of appeal was timely filed. This is because the prison mailbox rule applies and therefore Garza's pro se notice of appeal is deemed "filed" on the date that it was submitted to prison authorities for mailing. See *Wahl*, 301 Kan. at 615. In this case, that date was December 5, 2017, which is well within the 30-day appeal period of both of the possible journal entry dates.

Despite this, the State claims the district court denied Garza's motion from the bench at the November 3, 2017 hearing and therefore he had 30 days from that date to file his notice of appeal. He failed to file it until December 14, 2017, and as such, the State argues, we lack jurisdiction to hear this appeal. However, the State's argument misinterprets the district court's actions at the November 3, 2017 hearing. It did not deny Garza's motion from the bench but rather stated that it would find that Garza's motion should be denied if the parties submitted a journal entry clarifying the restitution orders. But even if the district court had denied Garza's motion from the bench, that denial would not be "effective unless and until a journal entry or judgment form is signed by the judge and filed with the clerk." K.S.A. 2017 Supp. 60-258. That did not happen until, at the earliest, November 9, 2017. Therefore, pursuant to the prison mailbox rule, which the State's argument also fails to account for, Garza's December 5, 2017 notice of appeal was timely filed, and we have jurisdiction to hear this appeal. See K.S.A. 2017 Supp. 60-2103(a); *Wahl*, 301 Kan. at 615.

*Allegations of an illegal sentence*

Garza argues that the district court's restitution order in this case is illegal under K.S.A. 2017 Supp. 22-3504(3). "Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review." *State v. Gray*, 303 Kan. 1011, 1013, 368 P.3d 1113 (2016).

Before discussing Garza's arguments on this issue, we note that as another preliminary matter the State contends that Garza did not raise the specific grounds on which he now appeals (whether the district court's failure to establish a payment plan constituted error) before the district court. Consequently, the State believes Garza's appeal is not properly before this court. However, that argument directly contravenes Kansas caselaw which explicitly allows illegal sentencing issues to be raised for the first time on appeal. *Gray*, 303 Kan. at 1014 ("K.S.A. 22-3504[1] specifically authorizes a court to 'correct an illegal sentence at any time,' which [Kansas courts] have interpreted to mean that 'an illegal sentence issue may be considered for the first time on appeal.'"). In light of *Gray*, we find Garza's illegal sentence contention to be properly before us and hence we will fully consider the issue he raises.

K.S.A. 2017 Supp. 22-3504(3) defines an "illegal sentence" as a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." Kansas courts construe K.S.A. 2017 Supp. 22-3504 narrowly and only in rare cases do they find a sentence to be illegal. See *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 (2006).

Here, Garza claims that the second and third of these statutory provisions apply, specifically arguing that the district court's restitution order is illegal because: (1) it does not conform to the provisions of K.S.A. 2017 Supp. 21-6604(b) and (2) it is ambiguous with respect to the time and manner in which the restitution is to be paid.

In support of his first argument, Garza contends that the plain language of K.S.A. 2017 Supp. 21-6604(b) requires the district court to establish a payment plan when ordering restitution. In this case the district court failed to do so and therefore, Garza

7

argues, its restitution order is illegal because it does not conform to the applicable statutory provision.

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). We must therefore first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 303 Kan. at 813. Additionally, when construing statutes to determine legislative intent, we must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015).

K.S.A. 2017 Supp. 21-6604(b) provides:

"(1) In addition to or in lieu of any of the above, the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable. . . . If the court finds a plan of restitution unworkable, the court shall state on the record in detail the reasons therefor.

"(2) If the court orders restitution, the restitution shall be a judgment against the defendant which may be collected by the court by garnishment or other execution as on judgments in civil cases. If, after 60 days from the date restitution is ordered by the court, a defendant is found to be in noncompliance with the plan established by the court for payment of restitution, and the victim to whom restitution is ordered paid has not initiated proceedings in accordance with K.S.A. 60-4301 et seq., and amendments thereto, the court shall assign an agent procured by the attorney general pursuant to K.S.A. 75-719, and amendments thereto, to collect the restitution on behalf of the victim."

8

Interpreting this statute, Kansas courts have held that if a district court does not make it clear that the restitution is due immediately, then it does not become due until the prisoner against whom the order is entered is released from prison. *State v. Alderson*, 299 Kan. 148, 151, 322 P.3d 364 (2014); *State v. Jamerson*, 54 Kan. App. 2d 312, 316-17, 399 P.3d 246 (2017). Thus, as the State correctly notes, the plain language of K.S.A. 2017 Supp. 21-6604(b) only requires a district court to order restitution, it does not require the district court to establish a plan for the payment of that restitution. That conclusion is not only strengthened by the *Alderson* decision but also by other Supreme Court opinions upholding restitution orders that do not include payment plans. See, e.g., *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015) (affirming restitution order that did not include payment plan).

Despite this, Garza argues that the statute's use of the phrase "plan of restitution" requires the district court to establish a payment plan when entering a restitution order. However, the statute makes no mention of any sort of payment plan that must be set up by the district court. Instead, the phrase "plan of restitution" simply refers to the plan that a defendant begin paying restitution when he or she is released from prison. See *Alderson*, 299 Kan. at 151. To add the requirement that the district court establish a plan for the payment of that restitution would require the court to speculate and to read something into the statute that is not readily found in its words. Doing so is expressly forbidden when a statute is plain and unambiguous and its meaning can be ascertained by giving the words their ordinary meanings. See *Barlow*, 303 Kan. at 813. Such is the case here. Thus, since the district court did establish an amount of restitution, it has fulfilled its duties under the statute. We therefore reject Garza's argument and affirm the district court's restitution order.

Garza also points to K.S.A. 2017 Supp. 22-3717(n) and argues that, when read in conjunction with K.S.A. 2017 Supp. 21-6604(b), it compels the conclusion that the plain

9

language of both statutes requires the district court to establish a payment plan when ordering restitution. K.S.A. 2017 Supp. 22-3717(n) provides:

"If the court which sentenced an inmate specified at the time of sentencing the amount and the recipient of any restitution ordered as a condition of parole or postrelease supervision, the prisoner review board shall order as a condition of parole or postrelease supervision that the inmate pay restitution in the amount and manner provided in the journal entry unless the board finds compelling circumstances which would render a plan of restitution unworkable."

But the statute does not mention a payment plan, nor does it obligate the sentencing court to establish a payment plan when ordering restitution. Instead, it simply requires the prisoner review board to comply with the sentencing court's restitution order when paroling or releasing an inmate. And although the statute does use the phrase, "plan of restitution," it is, again, a reference to the plan that an inmate will begin paying restitution upon his or her release. See *Alderson*, 299 Kan. at 151. It is not a reference to some sort of payment plan that a district court must establish when ordering restitution. Based upon our conclusions, we find that Garza's restitution order complied with K.S.A. 2017 Supp. 21-6604(b) and was therefore not illegal.

Garza next claims that, even if the district court was not statutorily required to establish a payment plan as part of its restitution order, its failure to do so is nevertheless illegal because, without a payment plan, the order is "'ambiguous with respect to the time and manner in which it is to be served.'" See K.S.A. 2017 Supp. 22-3504(3). Specifically, Garza argues that without a payment plan, "it is unclear how and when [he] will pay his restitution amount of over $75,000."

However, we find no support for Garza's argument in the factual record. First, as to the "how," when the district court entered its restitution order, it directed Garza to pay $75,564 to the Hutchinson Correctional Facility through the office of the clerk of the

10

district court. Nothing about that order is ambiguous or unclear. Next, as to the "when," although the district court did not specify when the restitution would become due, it was not statutorily obligated to do so. See K.S.A. 2017 Supp. 21-6604(b). Instead, as noted above, because the district court did not clearly state that the restitution was due immediately (i.e., while Garza was still incarcerated), it will become due upon his release from prison. See *Alderson*, 299 Kan. 151.

Despite this, Garza argues that because he is indigent, the lack of a payment plan makes it unclear as to exactly how he will be able to pay "over $75,000 in restitution after serving almost three years in prison." But it is not the district court's duty to determine how a defendant is to come up with the money to fulfill a restitution order. See K.S.A. 2017 Supp. 21-6604(b). Rather, "[t]he burden is on the defendant to come forward with evidence of 'compelling circumstances' that render the restitution plan unworkable." *Alcala*, 301 Kan. at 840. Garza has failed to do so in this case and indeed, has failed to even argue unworkability as a basis for overturning the district court's restitution order. See *State v. Williams*, 298 Kan. 1075, 1084, 319 P.3d 528 (2014) (when litigant fails to adequately brief issue it is deemed abandoned).

Further, even if Garza had tried to argue unworkability, under our controlling caselaw incarceration and indigent status are not enough to render the restitution order unworkable. *Alcala*, 301 Kan. at 840 ("Defendant's imprisonment alone is not sufficient to render restitution unworkable."); *State v. Meeks*, 307 Kan. 813, 821, 415 P.3d 400 (2018) (upholding a restitution order when a defendant merely "showed his immediate financial incapacity but did not provide evidence to show that he would be unable to pay restitution after his release from prison").

In sum, Garza's argument that the district court's restitution order was illegal because it was ambiguous as to the time and manner in which it was to be paid finds no support in either the factual record or the caselaw. It thus lacks merit, and we are duty

11

bound to uphold the district court's order requiring Garza to pay $75,564 in restitution to the Hutchinson Correctional Facility.

*Failure to construe the motion to correct an illegal sentence as a motion under K.S.A. 2017 Supp. 60-1507*

As his final issue, Garza argues that the district court erred when it refused to construe his pro se motion to correct an illegal sentence as a motion under K.S.A. 2017 Supp. 60-1507.

We are required to construe pro se pleadings liberally, "giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). However, "[l]iberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se." *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014). "Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review." 299 Kan. at 802.

A defendant who has been convicted and sentenced may collaterally attack his sentence—on the grounds that its imposition violated his constitutional rights—by moving "the court which imposed the sentence to vacate, set aside or correct" it. K.S.A. 2017 Supp. 60-1507(a). However, to avoid the summary denial of a motion brought under K.S.A. 2017 Supp. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014);

12

see *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018) ("[A] pro se movant still bears the burden to allege facts sufficient to warrant a hearing on the motion, and 'mere conclusions of the defendant or movant are not sufficient to raise a substantial issue of fact when no factual basis is alleged or appears from the record.'").

Here, Garza's pro se motion was presented as a motion to correct an illegal sentence pursuant to K.S.A. 2017 Supp. 22-3504. As part of that motion, Garza alleged that the district court should have considered his ability to pay when ordering restitution and that his "trial counsel's failure to speak on his behalf in these subject matters was unquestionably, [ineffective assistance of counsel.]" And although he does not explicitly state the factual basis for that allegation, it does find support in the record from the following exchange at Garza's sentencing hearing:

"THE COURT: . . . Is the restitution agreed to?

"[GARZA]: I was going to ask about the restitution.

"THE COURT: Let me ask Mr. Osburn [Garza's attorney] to speak first, if I could.

"MR. OSBURN: Well, Your Honor, we did agree to pay as usual the costs, restitution, blah, blah, blah. There was not a specified amount but we did agree to pay restitution.

"MR. STANTON [PROSECUTOR]: Your Honor, the amount is what costs the medical care of the victim. I have the documentation. I believe I've shown it to defense counsel. The Court also ordered the same amount of, amount of restitution in [Jerrod] Green, the co-defendant. So it would be joint and [several].

"MR. OSBURN: Your Honor, Mr. Garza went through a hearing at the [Kansas Department of Corrections] for this where he was assessed his share of the restitution. This should be joint and [several] with the other parties involved."

Specifically, this exchange demonstrates that although Garza had agreed to pay restitution, neither he nor his counsel agreed to a specific amount, and Garza was unclear as to what the total amount would be. Additionally, at the sentencing hearing Garza's

13

attorney made no argument to the district court that there were "compelling circumstances which would render a plan of restitution unworkable," as permitted under K.S.A. 2017 Supp. 21-6604(b)(1), and there is no indication that defense counsel ever made known to Garza that such an argument could even be made. Compounding the problem is the fact that, since Garza was not personally present when his motion to correct illegal sentence was heard by the district court, he obviously could not have been made aware of the possibility of arguing unworkability of restitution at that time.

Unfortunately, we are hampered in our consideration of this issue by the absence of the plea agreement in the record. While the transcripts in the record do contain passing references to the plea agreement, we are unable to glean from this record what the exact terms of the agreement were, nor can we determine what level of awareness Garza possessed regarding the amount of restitution in this case.

In light of this absence of a clear record, it is an entirely plausible argument that the failure of Garza's trial counsel to object to or otherwise contest the restitution order on the basis of Garza's ability to pay may have constituted ineffective assistance of counsel. As a result, there is enough here to supply a factual basis for Garza's ineffective assistance of counsel claims. Thus, the district court erred when it failed to construe Garza's pro se motion to correct an illegal sentence as a motion under K.S.A. 2017 Supp. 60-1507 and hold at least a preliminary hearing under applicable statutory standards for such a motion.

The State argues that the district court's refusal to construe Garza's motion under K.S.A. 2017 Supp. 60-1507 did not constitute error because the district court could not have granted relief on any of Garza's claims of ineffective assistance of counsel. Those claims included:  (1) that his trial counsel failed to argue that the district court's restitution order constituted double jeopardy, (2) that his trial counsel failed to raise his

14

ability to pay restitution for indigent defense counsel fees under K.S.A. 22-4513(a) and (b), and (3) that his trial counsel failed to argue the applicability of K.A.R. 44-12-1307.

But while the State is correct that some of Garza's claims are legally impossible and that his pro se motion failed to cite the correct statutory grounds for the relief that he sought, that fact is ultimately immaterial. See *Kelly*, 291 Kan. at 565. Instead, it is the content of the motion that controls and, as noted above, Garza's motion in this case makes a colorable claim of ineffective assistance of counsel that finds a factual basis in the record. As such, we reject the State's attempt to put form over function and find that Garza's motion should be remanded to the district court for an evidentiary hearing under K.S.A. 2017 Supp. 60-1507.

Affirmed in part, reversed in part, and case remanded for further proceedings.

15