NOT DESIGNATED FOR PUBLICATION

Nos. 127,671
127,672
127,673

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHANIEL TURNER III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; COURTNEY MIKESIC, judge. Submitted without oral argument. Opinion filed March 13, 2026. Sentences vacated in part and remanded with directions.

*Nathaniel Turner III*, appellant pro se.

*Kayla L. Roehler*, deputy district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., MALONE and HILL, JJ.

PER CURIAM: Nathaniel Turner appeals the summary denial of his motions to correct illegal sentences in three cases consolidated on appeal. The sentences were imposed in 1992. Turner claims the district court illegally imposed his sentences consecutively and failed to comply with the applicable statutory provision to direct how the sentences would run in relation to the sentence in a fourth case. After reviewing the record and considering the parties' arguments, we find that Turner is entitled to some

1

relief and remand for the district court to correct the journal entries in two of the cases, although this relief will not change the term of Turner's aggregated sentences.

*Factual and procedural background*

The Kansas Supreme Court summarized Turner's convictions and sentences in his three felony cases in *State v. Turner*, 317 Kan. 111, 112, 525 P.3d 326 (2023):

> "In September 1992, the district court sentenced Turner for eight felony convictions in three cases. In case 92 CR 11, the district court imposed concurrent sentences of 5 to 20 years for one count of robbery and one count of aggravated burglary. In case 92 CR 16, the court imposed four consecutive sentences of 15 years to life for one count of rape, one count of aggravated criminal sodomy, and two counts of aggravated robbery. In case 92 CR 90, the court imposed a sentence of 5 to 20 years for one count of robbery to run concurrent with a sentence of 15 years to life for one count of aggravated robbery. The court ordered Turner to serve the sentences in each case consecutively."

Turner is still serving an aggregated sentence of 80 years to life in prison. Before Turner was sentenced in 92 CR 11 (Case 2), 92 CR 16 (Case 3), and 92 CR 90 (Case 4), he pled guilty on August 2, 1991, in 91 CR 34A (Case 1) to one count of attempted terroristic threat, a class A misdemeanor. The district court sentenced Turner to one year in jail and granted probation. The district court revoked Turner's probation and ordered him to serve his sentence in Case 1 on July 30, 1992, for the failure to make payments on court costs and because of the new crimes in Cases 2, 3, and 4. The journal entry of probation revocation ordered the sentence to begin on June 30, 1992.

The district court sentenced Turner in Cases 2, 3, and 4 in a joint hearing on September 21, 1992. The district judge pronounced the sentences in each case in quick succession as follows:

2

"Accordingly, in 92 CR 0011, the defendant is sentenced to the custody of the Secretary of Corrections for the crime of robbery, which is a violation of K.S.A. 21-3426, and aggravated burglary, a violation of K.S.A. 21-3716, each of which are class 'C' felonies, to terms of not less than five, nor more than twenty years on each count. *These sentences will run consecutively to the sentences that I'm about to announce in cases 92 CR 0016 and 92 CR 0090, but they will run concurrent to each other.* . . . 92 CR 0016, count four, the defendant is sentenced to the custody of the Secretary of Corrections for the crime of rape, which is a violation of K.S.A. 21-3502, and count five, aggravated sodomy, a violation of K.S.A. 21-3506, in count seven and eight, aggravated robbery, which are violations of K.S.A. 21-3427, each of these counts are class 'B' felonies. The defendant is accordingly sentenced for terms of not less than 15 years, nor more than life. *In each of these four counts these four counts will run consecutively to each other and to these sentences which I will announce in 92 CR 0090 and which I've already announced in 92 CR 0011.* . . . 92 CR 0090, the defendant is sentenced for the crime of robbery in count one, which is a violation of K.S.A. 21-3427—I mean that's aggravated robbery in count one and robbery, which is a violation of K.S.A. 21-3426, in count three. Count one, sentence is a class 'B' felony, the defendant is sentenced to a term of not less than 15 years, nor more than life. The 2 count three sentence is a class 'C' felony. The defendant is sentenced to a term of not less than five years, nor more than twenty years. *These sentences will run consecutively to the sentences I've already announced in 0011 and 92 CR 0016, but concurrent to each other.*" (Emphasis added.)

Neither the district court at sentencing nor in the journal entry of judgment directed whether the sentences in Cases 2, 3, and 4 were to run concurrent with or consecutive to the one-year jail sentence in Case 1 that Turner was serving at the time. Even so, the journal entry of judgment in each felony case stated that the sentence "shall be considered to have begun on the 14th day of February, 1992."

On January 30, 2023, Turner filed an identical motion to correct illegal sentence in Cases 2, 3, and 4. Turner claimed that the district court lacked jurisdiction to impose the Case 2 sentence consecutive with the Cases 3 and 4 sentences that had not yet been pronounced at the sentencing hearing because the district court pronounced the Case 2

sentence first. Similarly, Turner claimed the district court lacked jurisdiction to impose the Case 3 sentence consecutive to the Case 4 sentence that had not yet been pronounced at the time because the district court pronounced the Case 3 sentence before the Case 4 sentence. Finally, Turner claimed that the district court lost jurisdiction over the Case 2 sentence because the district court did not strictly comply with K.S.A. 1991 Supp. 21-4608(2) when it failed to specify whether the Case 2 sentence would be served concurrent with or consecutive to the Case 1 sentence that Turner was already serving. Turner concluded these errors required his "immediate release" from prison.

The district court summarily denied the motions with an identical order filed in each case on February 8, 2023. The district court pointed out that "K.S.A. 21-4608(1)" allowed the sentencing court to impose concurrent or consecutive sentences in cases sentenced on the same day as were Cases 2, 3, and 4. The district court offered no other reason for denying the motions and its analysis did not mention Case 1. Turner moved for reconsideration in each case, asserting that the district court's ruling did not adequately address his claims, but the district court denied each motion. Turner timely appealed in Cases 2, 3, and 4, and the cases have been consolidated on appeal.

*Did the district court err in denying Turner's motions to correct illegal sentences?*

Turner's sole claim on appeal is that the district court erred in summarily denying his motion to correct illegal sentence filed in each case. Turner asserts that "[s]ubject matter jurisdiction could not attach during sentencing" for his consolidated cases because the district court did not strictly comply with the applicable statutes. Although Turner's pro se brief is sometimes difficult to follow, he basically renews two claims made in his motions in district court. First, he argues that the sentencing court lost subject matter jurisdiction over the sentences in Cases 3 and 4 when it imposed the Case 2 sentence from the bench consecutive to the Case 3 and 4 sentences that had not been pronounced at the hearing. Second, he argues that the district court did not strictly comply with

4

K.S.A. 1991 Supp. 21-4608(2) when it failed to specify whether the Case 2 sentence would be served concurrent with or consecutive to the Case 1 sentence that Turner was already serving. The State responds that the district court properly denied the motions.

A district court may summarily dismiss a motion to correct illegal sentence under the same framework as a motion under K.S.A. 60-1507—when the motion, files, and record conclusively show the movant has no right to relief. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). This court reviews de novo the district court's decision to summarily dismiss a motion to correct illegal sentence. 315 Kan. at 158. Whether a sentence is illegal is a question of law over which this court has unlimited review. See *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Finally, statutory interpretation also presents a question of law subject to unlimited review. 319 Kan. at 342.

K.S.A. 22-3504(c)(1) defines an illegal sentence as a sentence:

"Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced."

Turner first argues that the sentencing court lost subject matter jurisdiction over the sentences in Cases 3 and 4 when it imposed the Case 2 sentence from the bench consecutive to the Case 3 and 4 sentences that had not been pronounced at the hearing. He cites a string of cases to support his claim. A good starting point is *State v. Bell*, 6 Kan. App. 2d 573, 631 P.2d 254 (1981). The sentencing court in *Bell* imposed a sentence that ran, "'consecutive to any sentence which may be imposed upon the defendant in any pending case.'" 6 Kan. App. 2d at 573. This court in a brief analysis concluded that the district court lacked authority to impose a sentence consecutive to a sentence that may or may not be imposed in another case in the future. 6 Kan. App. 2d at 574.

5

*State v. Reed*, 237 Kan. 685, 703 P.3d 756 (1985), followed. Reed appealed following guilty pleas and sentences in two cases, 82 CR 2031 and 83 CR 1638. The issue on appeal was "whether mandatory consecutive sentences were required under K.S.A. 1984 Supp. 21-4608(4), because the defendant committed two felonies after having been released on bond pending trial in the first case." 237 Kan. at 686. But as part of that analysis the *Reed* court considered this court's decision in *Bell* because the sentencing court had first imposed the sentence in 82 CR 2031 consecutive to the sentence in 83 CR 1638 even though the sentence in 83 CR 1638 had not yet been pronounced. The *Reed* court articulated a bright line rule gleaned from *Bell* that "[a] trial court has no authority to direct a sentence to run consecutively to a nonexistent sentence which might thereafter be imposed in a pending case." 237 Kan. at 690. The court ultimately found that the sentences were statutorily required to run consecutively, so it remanded the case with directions to impose the sentence in 83 CR 1638 consecutive to the sentence in 82 CR 2031 and not the other way around. 237 Kan. at 690.

In *State v. Pride*, No. 106,048, 2012 WL 3171815 (Kan. App. 2012) (unpublished opinion), this court continued the analysis. Pride pled guilty to various crimes in two cases. Both cases proceeded to sentencing in the same hearing. After pronouncing the sentence for the first case, 10 CR 282, the sentencing court imposed that sentence consecutive to the sentence in 10 CR 472, the second case for which the sentence had not yet been pronounced. Then after imposing the sentence in 10 CR 472 later in the same hearing, the sentencing court reiterated that it was to be served consecutively to the sentence in 10 CR 282. 2012 WL 3171815, at *2. Pride claimed on appeal that the sentence in 10 CR 282 was illegal because it could not be imposed consecutive to a sentence that had not yet been pronounced. Relying on the holdings in *Reed* and *Bell*, this court found that the sentence in 10 CR 282 was illegal because it was imposed consecutive to the sentence in 10 CR 472 which did not yet exist. This court decided the appropriate relief was to remand for resentencing in 10 CR 282 because this court could

not exclude the possibility that the district court would not make different findings and impose a different sentence. 2012 WL 3171815, at *4.

Turner cites these cases and argues that the sentences in Cases 3 and 4 are void because the sentencing court lost subject matter jurisdiction over them when it imposed the Case 2 sentence consecutive to Cases 3 and 4 before pronouncing the sentences in Cases 3 and 4 at the sentencing hearing. The State responds that this would not deprive the district of subject matter jurisdiction, and distinguished *Bell* because there the sentencing court imposed a sentence consecutive to any pending case, which the State deems more ambiguous than Turner's situation where the sentences were all pronounced at the same hearing. The State does not acknowledge *Pride*.

But neither party cites a more recent case, *State v. Jones*, No. 115,098, 2017 WL 840248 (Kan. App. 2017) (unpublished opinion). Jones was sentenced in a joint hearing for crimes committed in two cases. The sentencing court imposed the sentence in 98 CR 1956 first and imposed it "'consecutive to the sentence that I will impose in 98 CR 1897 in just a few moments.'" 2017 WL 840248, at *1. The sentencing court then imposed the second sentence in 98 CR 1897 and made that consecutive to the first sentence. 2017 WL 840248, at *1. This court, relying on *Reed* and *Pride*, found that the 98 CR 1956 sentence was technically illegal because it was made consecutive to 98 CR 1897 before that sentence existed—even if just moments too early. But this court broke from the *Pride* remedy and found that because the sentencing court also imposed the sentence in 98 CR 1897 consecutive to the sentence in 98 CR 1956 after it had pronounced both sentences, the overall aggregated sentences would not change because the 98 CR 1897 sentence was legally made consecutive to 98 CR 1956. Rather than remand for resentencing as in *Pride*, this court vacated the order for consecutive sentencing in 98 CR 1956 and remanded only for a corrected journal entry showing that 98 CR 1956 was not consecutive to 98 CR 1897, but otherwise the court's decision did not change the substance or length of the aggregated sentences. 2017 WL 840248, at *2.

7

Returning to our facts, Turner's claim has merit, but not in the way he intends. Nothing in any of these cases suggests that the district court lost subject matter jurisdiction over any of Cases 1-4 when it imposed the Case 2 sentence consecutive to Cases 3 and 4. Instead, following the most recent decision in *Jones*, we find that the district court technically imposed an illegal sentence when it ordered the sentence in Case 2 to run consecutive to the sentences in Cases 3 and 4, which had not yet been pronounced. Likewise, the district court imposed an illegal sentence when it ordered the sentence in Case 3 to run consecutive to the sentence in Case 4, which had not yet been pronounced. But the sentence in Case 4, which the district court ordered to run consecutive to the sentences in Cases 2 and 3, was completely legal. The remedy is simply to vacate the illegal portion of the sentences in Case 2 and Case 3 and remand with directions for the district court to correct the journal entries in those cases. But this ruling does not change the term of Turner's aggregated sentences in the three cases. The sentence in Case 3 remains consecutive to the sentence in Case 2 and the sentence in Case 4 remains consecutive to the sentences in Cases 2 and 3. Turner's aggregated sentences in the three cases remains 80 years to life.

Turner also argues that the district court did not strictly comply with K.S.A. 1991 Supp. 21-4608(2) when it failed to specify whether the Case 2 sentence would be served concurrent with or consecutive to the Case 1 sentence that Turner was already serving. Once again, Turner is technically correct. The statute provides:

> "Any person who is convicted and sentenced for a crime committed while on probation, assignment to a community correctional services program, parole or conditional release for a misdemeanor shall serve the sentence concurrently with or consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release, as the court directs." K.S.A. 1991 Supp. 21-4608(2).

8

Case 2, along with Cases 3 and 4, were initiated for crimes committed while Turner was on probation in Case 1 for a class A misdemeanor. Thus, under K.S.A. 1991 Supp. 21-4608(2), the district court had discretion to run the sentences in Cases 2-4 either concurrent with or consecutive to the misdemeanor sentence in Case 1. But the district court did not address Case 1 in the sentencing hearing on Cases 2-4 and did not "direct" whether the sentences in those cases would run concurrent with or consecutive to the sentence in Case 1. Turner then argues that under K.S.A. 1991 Supp. 21-4608(1), whenever the record is silent as to how two or more sentences shall be served, the default position is that the sentences shall be served concurrently.

But Turner has misconstrued K.S.A. 1991 Supp. 21-4608(1). This section provides in part:  "Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently. . . ." Turner's sentence in Case 1 was not imposed at the same time as his sentences in Cases 2-4. K.S.A. 1991 Supp. 21-4608(1) does not require the sentences in Cases 2-4 to run concurrent to the sentence in Case 1 because the record is otherwise silent.

Although the district court failed to direct whether the 1992 felony sentences in Cases 2-4 were to run concurrent with or consecutive to the 1991 misdemeanor sentence in Case 1, this failure does not make the felony sentences in Cases 2-4 illegal. See *State v. Abod*, No. 91,289, 2004 WL 2238683, at *2 (Kan. App. 2004) (unpublished opinion) (finding sentence legal under language in more recent version of K.S.A. 21-4608 identical to 1991 Supp. 21-4608(2) even though sentencing court made no findings whether sentence would run concurrent with or consecutive to misdemeanor sentences from municipal court). Thus, Turner can receive no relief on this claim under his motions to correct illegal sentences. He certainly is not entitled to immediate release from prison because of the district court's failure to comply with K.S.A. 1991 Supp. 21-4608(2), which is the only relief sought in his motions.

9

We observe that the journal entry revoking Turner's probation in Case 1 ordered the sentence to begin on June 30, 1992. Each journal entry of judgment in Case 2, 3, and 4 stated that the sentence "shall be considered to have begun on the 14th day of February, 1992." These journal entries tell us that Turner effectively was allowed to serve the sentences concurrently even though the judge did not direct concurrent sentences at the sentencing hearing in Cases 2-4 on September 21, 1992. It appears that Turner served his misdemeanor jail sentence in Case 1 concurrently with his felony sentences in Cases 2-4. If Turner has any dispute with how the Kansas Department of Corrections has calculated his release date on his felony sentences, he can address that issue with the Department and pursue administrative remedies and a possible habeas action if he is not satisfied with the result. But Turner's felony sentences are not illegal because of the district court's failure to strictly comply with K.S.A. 1991 Supp. 21-4608(2), and the district court did not err in summarily denying Turner's motions to correct illegal sentences on this basis. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (holding district court's judgment will be upheld on appeal if it is correct for any reason).

*Conclusion and remand order*

In sum, we vacate the portion of the Case 2 sentence that it run consecutive to the sentences in Case 3 and Case 4, and we vacate the portion of the Case 3 sentence that it run consecutive to the sentence in Case 4. We remand with directions for the district court to correct the journal entries in Case 2 and Case 3 to reflect those changes.

Sentences vacated in part and remanded with directions.

10